## ADAMSON v. KAY.

### Opinion delivered October 9, 1911.

JUSTICE OF PEACE—JURISDICTION—STATUTORY LIABILITY.—Under Kirby's Digest, § 4457, providing that "in case the plaintiff and defendant compromise any suit for liquidated or unliquidated damages or any other cause of action after the same is filed, where the fees, or any part thereof, to be paid to the attorney of plaintiff or defendant are contingent, the attorney for the party plaintiff or defendant receiving a consideration for said compromise shall have a right of action against both plaintiff and defendant for a reasonable fee," etc., the liability for an attorney's fees so created is not a penalty, and a justice of the peace has jurisdiction of a suit to enforce such liability within the constitutional limits of his jurisdiction.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; reversed.

### STATEMENT BY THE COURT.

This suit was brought before a justice of the peace for one hundred and fifty dollars, attorney's fee, allowed by section 4457, Kirby's Digest, it being alleged that the appellee compromised a suit in which appellant was an attorney for one of the parties, and had a written transfer of a part of the cause of action for his fee, which was contingent, and that, having settled said suit, knowing his fee was contingent and unpaid, defendant became liable to him under said law.

A demurrer to the jurisdiction of the court was overruled, and judgment rendered against Kay, who appealed to the circuit court.  He there filed a motion to dismiss the cause for want of jurisdiction, which the court, after hearing the evidence, granted and dismissed the cause.  Appellant excepted to this action, and from the judgment appealed.

*W. C. Adamson, pro se.*

The justice of the peace had jurisdiction of this suit brought under section 4457, Kirby's Digest, art. 7, section 40, Const. Ark. The testimony brings the case clearly within the rule laid down by this court in 74 Ark. 551; 98 Ark. 529.

The statute creates a statutory liability and not a penalty. 68 Ark. 433; 69 Ark. 62; 90 Ark. 51; 4 Cyc. 326; 9 Cyc. 243; 69 U. S. 805.

*Geo. L. Basham,* for appellee.

The liability sought to be enforced here did not arise out of a contract, but rather out of a tort, a civil wrong, and the justice of the peace had no jurisdiction. Bishop on Non-Contract Law, 1889 Ed., § § 4, 5; Kirby's Dig. § § 4659, 4664; 56 Ark. 592; 43 Ark. 375; 48 Ark. 301; 103 N. Y. 242; 64 N. Y. 173; 8 O. 215; 72 Ark. 357.

KIRBY, J., (after stating the facts). It is contended that the justice of the peace was without jurisdiction to hear and determine this cause, which, it is claimed, does not arise out of contract, and that the circuit court acquired none on appeal. The Constitution provides that justices of the peace have original jurisdiction in the following matters:

"First. Exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest; and concurrent jurisdiction in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest.

"Second. Concurrent jurisdiction in suits for the re covery of personal property where the value of the property does not exceed the sum of three hundred dollars; and in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars." (Art. 7, § 40, Const.)

"Section 4457. * * * In case the plaintiff and defendant compromise any suit for liquidated or unliquidated damages or any other cause of action after same is filed, where the fees, or any part thereof, to be paid to the attorney for plaintiff or defendant are contingent, the attorney for the party plaintiff

or defendant receiving a consideration for said compromise shall have a right of action against both plaintiff and defendant for a reasonable fee, to be fixed by the court or jury trying the case.''

Appellee contends that the attorney's fee provided by said section is a penalty, and that the justice's court had no jurisdiction to enforce its collection. The precise question has not been heretofore determined by this court.

In *Nebraska National Bank* v. *Walsh*, 68 Ark. 433, the court, construing a statute which makes the president and secretary of a corporation failing to file the certificate required by it "liable to an action founded on the statute for all debts of such corporation contracted during the period of any such neglect or refusal," *held* that it created a statutory liability against such officers, and not a penalty within the meaning of section 5068, Kirby's Digest, which was governed by the statute of limitations relating to "all actions founded upon any contract or liability, expressed or implied, not in writing (5064, sub-section one)." See also *Lanigan* v. *North*, 69 Ark. 62, and *Jones* v. *Harris*, 90 Ark. 56; *Hughes* v. *Kelley*, 95 Ark. 327.

In *Leep* v. *St. Louis, I. M. & S. Ry. Co.*, 58 Ark. 407, the court, construing the statute providing for the payment of wages due railroad employees upon their discharge and, that, "as a penalty for such nonpayment, the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid," *held* that the additional amount was allowed on account of the failure to pay the wages when due and for a double purpose as a compensation for the delay and as a punishment for the failure to pay and "as exemplary damages," and that a justice of the peace has jurisdiction of the action.

The statute under consideration creates a liability against the party compromising a suit "receiving, a consideration" therefor, in which an attorney is known to have a contingent fee unpaid, as compensation to such attorney for the loss to him' of his fee, and gives him a right of action against both plaintiff and defendant for the collection thereof.

The public is not injured by its violation, and has no interest in compelling its enforcement, and it does not provide

a penalty in the sense and meaning of the law, for the collection of which a justice's court is without jurisdiction.

Until the forms of action were abolished, an action of assumpsit would have been the proper remedy for enforcing such statutory liability. 4 Cyc. 326; *Hillsborough County* v. *Londonderry*, 43 N. H. 452.

Having held it to be a statutory liability and not a penalty, the law imposes a promise to discharge the legal obligation so created, and the justice of the peace has jurisdiction of a proper suit to enforce it.

The judgment is reversed, and the case remanded for a new trial.