JESSUP v. CARMICHAEL.

5-501                                        272 S. W. 2d 438

Opinion delivered November 15, 1954.

*Barrett, Wheatley, Smith & Deacon,* for appellant.

WARD, J.   The questions discussed here are: Do the allegations in appellant's petition filed in the Chancery Court entitle her to relief under Act 274 of 1953, known as the Declaratory Judgment Act, and was it reversible error for the trial court to sustain a demurrer to her petition?

Eva Jessup, appellant, filed a petition alleging: She is the owner of lot 18 in Gregg & Houghton's Subdivision of the South Main Addition to the City of Jonesboro and desires to improve and use said property for business purposes; one of the defendants, Carmichael, owns an adjoining lot on the north side on which is located a building used for an automobile agency and garage, and the other defendants are the owners of lots north of her lot; her lot is on the same level with the Carmichael lot but is lower in elevation than the lots belonging to the other defendants; rainfall and surface water on the lots of the defendants "and on some other lands adjacent thereto" have been flowing over her lot, although there is no defined water course of any kind which either brings the water to her lot or carries it across her lot, except that a ditch has been "dug to the east of the Carmichael land to accelerate the flow of said surface water onto"

her lot, and except that "about 2 years ago [her husband] dug a ditch along the north line of her lot to hold the water rather than let it run over the entire lot"; and, not desiring to work a hardship on the defendants by refusing to allow the water from their lots to drain over her lot, she offered to allow them to lay a tile across the end of her lot for drainage purposes and at very little expense, but several of the defendants stated they would hold her liable for any damage to their property in the event she interfered with the drainage of water. The prayer was that the court ascertain the facts and declare the law to be that she has the right to make such use of her property as will prevent the surface water from flowing across the same without being liable in damages.

To the above complaint appellees filed a demurrer stating that it did not set out any grounds to justify a declaratory judgment, and that the court has no jurisdiction to issue such a judgment. The trial court sustained appellees' demurrer, and this appeal follows.

It was not reversible error for the Chancellor to sustain the demurrer. We gather from the petition filed herein that, if appellant makes the contemplated improvements, litigation may follow, but there is also a possibility it may not. It is entirely likely that appellees will not know what action, if any, to take until the improvements are made and the resulting drainage condition is observed. In like manner, after the improvements are completed and some disposition made of the drainage problem it may develop that appellees will not feel they have been damaged. If on the other hand it should later appear that appellees had a legal ground for damages the amount thereof might possibly depend on the situation as it appeared at such later date, and might be more or less than appears now. We note also that the petition alleges that surface water from "other lands adjacent" are involved and this raises the possibility that the owners of these other lands might wish to present a claim for damages although, apparently, they were not made parties. Section 10 of said Act 274 requires that "all persons shall be made parties who have

or claim any interest which would be affected by the declaration.''

The courts do not construe acts similar to said Act 274 to require actual litigation as a prerequisite to asking for a declaratory judgment, but they do state, as a general rule, that litigation must be pending or threatened. See *Lyman* v. *Lyman,* 293 Pa. 490, 143 A. 200. It is not necessary for us to decide here whether the allegations in the petition measure up to this requirement. We do conclude, however, because of the uncertainties involved herein, that the Chancellor did not abuse his discretion in sustaining the demurrer and refusing to proceed further on appellant's petition. Section 5 of Act 274 reads:

''The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.''

It appears to us that the trial court might have envisioned several uncertainties in a proceeding of this kind. For example: (a) Just where was the tile to be laid, what size was the tile to be, how much would it cost, and how effective would it be to drain the water off appellees' lots; (b) It seems unlikely appellees would know to what extent the drainage from their lots would be affected until all improvements contemplated by appellant were actually installed, and until such installation they possibly would not know how much if any damages they would wish to claim against appellant; and, (c) From the pleadings it appears that lots other than those belonging to appellees might have an interest in this drainage situation, and they were not made parties defendant. It is obvious also that all legal principles involved in the drainage of surface water have been many times considered by this and other courts, and so here this court is not called upon to interpret any new statute. There is nothing to prevent appellant from making the improvements she desires, and all parties will have adequate legal remedies to enforce any rights which may have been violated.

In view of the above we cannot say that the court abused its discretion in refusing to act upon the petition filed herein.

Although Act 274 of 1953 has not, with one or two exceptions not pertinent here, been before this court for interpretation, yet similar acts have been in force in a majority of the states for several years and the courts of those jurisdictions have had occasion to pass upon questions similar to the one presented here along with other questions in connection with Declaratory Judgment Acts. These decisions fail, as might be expected, to lay down any definite rule by which to determine whether a certain state of facts will or will not actuate the declaratory judgment statute, yet the weight of authority sustains the conclusion which we have reached.

In the case of *Adams* v. *Atlantic City,* 26 N. J. Misc. 259, 59 A. 2d 825, in this connection, the court said: ". . . whether or not relief under the act should be granted is a matter resting in sound judicial discretion, but . . . such relief ought not ordinarily [to] be granted where another adequate remedy is at hand."

It was said in *Ball* v. *Cooter, et al.,* 185 Tenn. 631, 207 S. W. 2d 340, that "the making or refusing of a declaratory judgment is discretionary . . . the making of declarations under the statutes should be exercised with the utmost caution."

Again in *Spaulding* v. *Morse,* 322 Mass. 149, 76 N. E. 2d 137, at page 140, it was stated: "If the prayers of the bill be regarded as sufficient to constitute a bill for a declaratory judgment not only as to present but as to future rights, we are of opinion that the judge in the exercise of his discretion should have declined to have made a declaration as to possible future rights under the trust."

In *Chicago Furniture Forwarding Co.* v. *Bowles, Price Administrator,* 161 F. 2d 411, the Federal Court of Appeals in construing the Federal Act which is very similar to our Act 274, stated: "It is well settled that

District Courts are endowed with discretion to determine whether the circumstances are such that they may well decline to entertain suits for declaratory relief.''

It is not to be inferred from anything said above or from the selected quotes from other jurisdictions that trial courts have unlimited discretion in the matter of assuming jurisdiction to render declaratory judgments. We hold merely that under the allegations of the petition in this instance a matter of discretion was presented to the court and that the court did not abuse its discretion in sustaining appellees' demurrer.

In accordance with the views expressed above the cause is affirmed.

Justices MILLWEE and GEORGE ROSE SMITH concur.

GEORGE ROSE SMITH, J., concurring. To affirm this case on the theory that the chancellor did not abuse his discretion in denying relief permits one who reads the opinion to infer that it might also have been within the chancellor's discretion to grant the relief sought. Of course the majority have not passed upon the validity of that inference, but it seems to me that it would be well to do so.

In my opinion this is not a borderline case that calls for the exercise of judgment as to whether declaratory relief should be afforded. This complaint wholly fails to state a cause of action; so the demurrer was properly sustained, not as a matter of discretion but as a matter of law.

One who seeks declaratory relief must state facts which either constitute a present controversy or, as several courts have expressed it, constitute the ripening seeds of a controversy. Here the seeds have not even germinated, much less are they ripening. The plaintiff says merely that she owns a vacant lot and that if she improves it her neighbors may complain that the flow of surface water has been obstructed. The only existing fact alleged is the ownership of the lots, which by itself creates no controversy or uncertainty. The rest of

the complaint is devoted not to a statement of fact but to the narration of a hypothetical situation that will come into being only if the plaintiff wills it. In short, the plaintiff, without having committed herself to any course of action, is asking the court to provide her with legal advice. I would deny relief not because the case falls within the leeway of the trial court's discretion but because it lies entirely outside the scope of the statute.

Millwee, J., joins in this opinion.