CITY OF CABOT *v.* MORGAN.

5-1560

312 S. W. 2d 333

Opinion delivered April 21, 1958.

*Kenneth Coffelt,* for appellant.

*Joe P. Melton* and *Chas. A. Walls, Jr.,* for appellee.

GEORGE ROSE SMITH, J. On January 14, 1957, the Cabot city council adopted an ordinance levying a privilege tax upon those engaged in various occupations within the city. Some eighty people paid the tax, but the appellee Morgan and about seven others refused to pay. They were brought before the mayor's court, where it was ruled on May 17 that the ordinance was unconstitutional, and the defendants were discharged. Despite this ruling, on June 12 the city filed a civil action in a justice of the peace court for the collection of the tax from the delinquents.

On July 3 Morgan filed the present petition for a declaratory judgment, naming as defendants the city, its aldermen and recorder, and the justice of the peace, A. B. Robinson. The petition asserts that, although the ordinance was held invalid by the mayor's court, the city is nevertheless attempting to force Morgan and the others to pay the tax. The prayer is that the court declare the rights and status of the parties and that, pending the entry of a declaratory judgment, the various defendants be restrained from proceeding further with the city's civil suit. The chancellor issued a temporary restraining

order, which ultimately led to the contempt proceedings that are being disposed of today in a separate appeal, *Robinson* v. *Morgan,* 228 Ark. 1091, 312 S. W. 2d 329.

After the issuance of the preliminary injunction the defendants filed an answer asserting that a civil action was already pending before the justice of the peace and that the chancery court therefore had no jurisdiction in the matter. If, however, the court should hold that it had jurisdiction, the defendants asked for a judgment declaring the ordinance to be constitutional. Upon final hearing the chancellor, without reaching the constitutional question, held that the ruling of the mayor's court was a binding adjudication, and the defendants were permanently enjoined from attempting to collect the tax from Morgan and the other protestants.

A number of questions are argued in the briefs, but we find it unnecessary to go beyond the appellants' original contention, that the chancery court should not have entertained this proceeding. It has been pointed out that declaratory judgment statutes, such as our uniform act, Ark. Stats. 1947, Title 34, Ch. 25, are intended to supplement rather than supersede ordinary causes of action. Anderson on Declaratory Judgments, § 48. In harmony with this principle it is well settled that declaratory relief should be withheld when the same questions are already at issue in a pending case. *Staub* v. *Mayor, etc., of Baxley,* 211 Ga. 1, 83 S. E. 2d 606; *Pugh* v. *City of Topeka,* 151 Kan. 327, 99 P. 2d 862. The point was discussed in *City of Johnson City* v. *Caplan,* 194 Tenn. 496, 253 S. W. 2d 725, where the court, after reviewing two earlier decisions, went on to say:

"A reason for the conclusions stated in the two Tennessee decisions above mentioned is very clearly stated in the Michigan case of *Updegraff* v. *Attorney General,* reported in 298 Mich. 48, 298 N. W. 400, 401, 135 A. L. R. 931, 933, as follows: 'We condemn the practice of a person after being charged with violating the law . . . then asking for a declaratory judgment in an independent cause, with the result that two cases involving the same subject matter are pending at the same

time. If such a practice were permitted, it would cast an unnecessary burden on the courts and the law enforcement authorities.' In the New York case of *Woollard* v. *Schaffer Stores Co.*, reported in 272 N. Y. 304, 5 N. E. 2d 829, 832, 109 A. L. R. 1262, 1265, the Court said: 'When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction.' "

In the case at bar the pleadings seek a declaratory judgment with respect to only two questions, both of which are involved in the case pending before the justice of the peace. First, Morgan asks the court to determine the effect of the ruling by the mayor's court. It has been stated that a declaratory judgment will not be granted to determine the validity of prior judicial proceedings, Anderson, *op. cit.*, § 54; but in any event the binding force of the mayor's ruling can evidently be put at issue by a plea of *res judicata* in the justice of the peace court. Second, the appellants sought a declaration as to the validity of the ordinance. It is plain enough that the defendants in the pending civil action for the tax are free to raise this constitutional question if they wish.

The appellee argues, however, that the issues cannot be decided in the other case, because an action to collect a privilege tax is not within the limited jurisdiction of a justice of the peace. Ark. Const., Art. 7, § 40. We have pointed out in today's companion opinion that this is not a suit for a writ of prohibition, in which the question of jurisdiction would be directly at issue. Furthermore, the asserted lack of jurisdiction cannot be said to have been conclusively demonstrated, for we have held that an action to enforce a statutory liability may involve an implied contract and thus come within the jurisdiction of a justice of the peace. *Adamson* v. *Kay*, 100 Ark. 248, 140 S. W. 13. Since the jurisdictional question is not free from doubt, it is quite possible that the chancery court, if the present petition were entertained, might decide the point one way, while the justice

of the peace, or the circuit court on appeal, might reach exactly the opposite conclusion. To avoid such a conflict between different courts it is manifestly desirable that the jurisdictional question be finally determined in the suit at law, where it arises in the first instance.

Reversed and dismissed.