James M. Cairns, et ux, v. Jack P. Witt, et ux

5-4247                                    415 S. W. 2d 47

Opinion delivered May 29, 1967

*Frank H. Cox,* for appellant.

*U. A. Gentry,* for appellee.

J. Fred Jones, Justice. This appeal is from a decree of the Pulaski County Chancery Court sustaining a demurrer to a complaint and dismissing the complaint.

On September 8, 1965, James M. Cairns and wife as plaintiffs, filed a complaint in the Chancery Court alleging that they are the owners of Lot 8, Block 16, Midland Hills Addition to the City of Little Rock, and that the defendants, Jack P. Witt and wife, are the owners of Lots 13 and 14, Alpine Court Addition; that the recorded plats of the two subdivisions show a 16 foot alley between the plaintiffs' Lot 8, Block 16 in Midland Hills Addition and the defendants' Lot 13 in Alpine Court Addition; that the defendants are claiming ownership of the alley and have made permanent improvements therein which interferes with plaintiffs' use of their property; that plaintiffs are entitled to a judgment declaring the 16 foot strip of land between their property and the defendants' property to be a public alley and for a decree requiring the defendants to remove all structures therein.

The complaint prayed for a declaratory judgment

setting forth the status of the 16 foot strip of land between the plaintiffs' property and the defendants' property and that if it be found by the court that the strip of land is a public alley, that the defendants be ordered to remove all structures therein; and for such further relief as the court deems just and proper.

The defendants filed two demurrers to the complaint. The first demurrer was filed on September 15, 1965, on the ground "that there is a defect of parties," and in support thereof, states:

"The alleged alley between Lot 8, Block 16, Midland Hills Addition and Lots 13 and 14, Alpine Court Addition in the City of Little Rock, Arkansas, extends north from Alpine Pass (Street) along the east boundary line of Lots 13 and 14, Alpine Court Addition, and along the west line of Lots 2 to 8, both inclusive, of Block 16, Midland Hills Addition, which has never been open since the filing of the plat of Midland Hills Addition on May 13, 1911, and permanent improvements have been made on the area designated on the respective plat as an alley by the several property owners adjoining said alley, including the plaintiffs, and all of the owners of property adjacent to alleged alley will be affected by the opening of the alley, if any, and they are necessary parties hereto."

The prayer of this demurrer was, "that the plaintiffs' complaint be dismissed; or, in the alternative, that they be required to make all of the owners of property immediately adjacent to said alley parties defendant herein; and for all other general and equitable relief. . ." No separate hearing was had or action taken on this demurrer.

On August 16, 1966, the defendants filed their second demurrer combined with their answer to the complaint. This demurrer states as grounds "that said complaint does not state facts sufficient to constitute a

cause of action." The answer denied the allegations of the complaint and alleged that the alley designated on the plats was never opened; that permanent improvements had been made by several adjacent property owners on the area so designated as an alley in the plats; that said alley was closed to public use many years before plaintiffs purchased their property; that plaintiffs knew the alley had been closed when they purchased their property; that they also knew of the encroachments complained of in their complaint when they purchased their property; that plaintiffs had suffered no injury not suffered by the public at large, and are estopped to have said encroachments removed.

The case was heard by the chancellor on September 14, 1966, at which time the plaintiff testified at length. Letters and plats were introduced as exhibits and received in evidence, and plats and bills of assurance were introduced as exhibits by stipulation and received in evidence by the chancellor. At the close of the plaintiffs' evidence, and after the plaintiff had rested, the defendant moved for dismissal with a statement as follows:

"If the Court please, at this time I would like to move the Court for dismissal of this case and affect a demurrer to the evidence. . ."

The chancellor entered a decree as follows:

"On this day came on for hearing the above entitled *cause*, the plaintiffs appearing in person and by their Attorney, Frank H. Cox, and the defendants appearing in person and by their Attorney, U. A. Gentry, and said cause is submitted to the Court on the pleadings and *testimony of the plaintiff, James M. Cairns, the exhibits introduced*, the stipulations of counsel, *and the demurrer to the complaint*, and the court being well and sufficiently advised finds that said demurrer should be sustained.

"It is therefore considered, adjudged and decreed that *the demurrer be, and the same is, hereby sustained* and the complaint dismissed at the plaintiff's cost." (Emphasis supplied).

Plaintiffs in the trial court are the appellants here and rely upon the following points for reversal:

"The Chancery Court erred in sustaining the Demurrer to the Complaint for the following reasons:

"1. The Appellants' Complaint stated a valid cause of action.

"2. Under the law, the Appellants are entitled to the relief sought in the Complaint.

"3. All of the necessary parties to this action were before the lower court."

The recorded plats and bills of assurance of both subdivisions are a part of the record in this case by stipulation, and the land involved in this litigation is clearly designated as a sixteen foot alley in both plats. The appellants alleged in their complaint that the land was in fact what it appeared to be on the plats and that appellees were claiming ownership of it and had placed encroachments therein to appellants' special damages, in that it interfered with appellants' use of their own property. Appellants prayed for a declaratory judgment determining the status of the alley, and that if it be found to be a public alley, that appellees be ordered to remove the encroachments therefrom. The appellees seem to concede that the declaratory judgment statute is applicable in a situation such as this, and we are of the opinion that appellants stated facts sufficient to constitute a present controversy or the ripening seeds of a controversy, and that the complaint as to cause of action stated, was good on demurrer. (*Jessup* v. *Carmichael*, 224 Ark. 230, 272 S. W. 2d 438).

This case is before us on error alleged in sustaining a demurrer, so we do not reach the second point argued by the appellants. Appellants' complaint went further than their argument on their third point. The complaint was for a "declaratory judgment setting forth the status of the sixteen foot strip of land." The other relief sought by appellants was incidental to, and dependent upon, the granting of the petition for a declaratory judgment finding the strip of land to be a public alley.

The thrust of the first half of appellees' argument seems to be that other adjacent property owners have also encroached on the alley by building improvements therein and that they, as well as the City of Little Rock, would have an interest which would be affected by the declaratory judgment sought by appellants and are therefore indispensable parties to the action.

It is difficult to determine, from the record before us, whether this argument is in support of the first demurrer filed by appellees or is in partial support of the order of dismissal. The decree before us simply recites that the cause was submitted on specifically designated pleadings, testimony, exhibits, stipulations "and the demurrer to the complaint," and then pronounces that "the demurrer be and the same is, hereby sustained..." The decree doesn't say which one of the demurrers to the complaint was submitted and does not indicate which one was sustained.

The case of *Lincoln* v. *McGehee Hotel Company, Inc.*, 181 Ark. 1117, 29 S. W. 2d 668, cited by appellants, is not in point with the case here. There was no question in anybody's mind as to the status of Bridge Street in the Lincoln case, and the suit was not for a determination of its status as a public street. We recognize the principle of law reiterated in the Lincoln case that:

"... abutting owners of real property have a right to enjoin the council from permitting or any one from making any permanent encroachments on the

streets of the city on the ground that such encroachments constitute a public nuisance, and the abutting owners are entitled to injunctive relief where they allege and prove special injury.''

The appellants in the case at bar might have followed the same procedure as was followed in the Lincoln case except for one thing: Appellants in the case at bar were not sure that the land involved was a public alley and they submitted this question to the chancellor by a petition for a declaratory judgment.

Ark. Stat. Ann. § 34-2510 (Repl. 1962) provides as follows:

"When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the State shall also be served with a copy of the proceeding and be entitled to be heard.''

Where a defect in parties *appears on the face of a complaint,* there is no question that the defect can be reached by demurrer. (Ark. Stat. Ann. § 27-1115 [Repl. 1962]). In an action for declaratory judgment, however, it might appear that a demurrer based on defect in parties defendant who have or claim any interest which would be affected by the declaration, could easily run into conflict without decisions on ''speaking demurrers.'' (21 *R. C. L,* p. 505; *Dodson* v. *Abercrombie,* 218 Ark. 50, 234 S. W. 2d 30; *Rider* v. *McElroy,* 194 Ark. 1106, 110 S. W. 2d 492, and *Lawhon* v. *American C. & C. Co.,* 216 Ark. 23, 223 S. W. 2d 806). We have indicated, however, that such defect in a petition for a declaratory

judgment may be reached by demurrer. *Johnson* v. *Robins*, 223 Ark. 150, 264 S. W. 2d 640.

The primary office of the demurrer to a complaint is to test the sufficiency of the complaint as it is written and filed. In the case at bar the first demurrer, going to a defect of parties, was filed on September 15, 1965. Although appellees argue the defect of parties in their brief, no hearing was had and no action was taken or requested on this demurrer until the second general demurrer and answer was filed on August 16, 1966. The decree recites that the cause was heard on September 14, 1966, and the record reveals that all of appellants' evidence was submitted and heard on September 14, 1966. So we can only conclude that appellees waived, or abandoned, the first demurrer as to the defect of parties when they filed their general demurrer and answer and proceeded to hearing on the case without insisting that the first demurrer be passed on by the chancellor. (Ark. Stat. Ann. § 27-1140 [Repl. 1962]; *Street* v. *Shull*, 187 Ark. 180, 58 S. W. 2d 932).

The record is not clear whether the decree was based on the first or second demurrer or both, or whether it was based on issues joined by the complaint and answer. At the close of appellants' evidence, appellees interposed an oral demurrer to the evidence. Appellees devote the second half of their argument to this demurrer apparently under the impression that it was the one sustained by the chancellor. A "written motion challenging the sufficiency of evidence" has supplanted the "demurrer to evidence" in chancery practice, under Ark. Stat. Ann. § 27-1729 (Repl. 1962) and the dismissal of the complaint in the case at bar, without leave to amend, would indicate that it was the *demurrer to the evidence* the chancellor may have considered and intended to sustain. The decree, however, merely sustained the *demurrer to the complaint* and the complaint was dismissed. That is all we have in the record before us.

Had the chancellor intended to render a decree on insufficiency of the evidence and not on the demurrer to

the complaint, he could have done so easily enough without considering the demurrers at all.

Ark. Stat. Ann. § 34-2505 (Repl. 1962) provides:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminat the uncertainty or controversy giving rise to the proceeding."

Be that as it may, we are of the opinion the appellees abandoned or waived the first demurrer when the second was filed with the answer, and hearing was had on the cause without first disposing of the special demurrer. If it was the second demurrer the chancellor sustained, we are of the opinion the chancellor erred in sustaining it for the reason that the complaint stated facts sufficient to constitute a cause of action.

If the decree was based on the issues joined by the complaint and the answer, or on the demurrer to the *evidence,* the chancellor erred in sustaining the demurrer *to the complaint.*

The decree is reversed and this cause remanded to the Chancery Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.