CITY of FORT SMITH, Arkansas  *v.*
DIDICOM TOWERS, INC.

04-678                                    209 S.W.3d 344

Supreme Court of Arkansas
Opinion delivered June 2, 2005

[Rehearing denied September 8, 2005.]

470

*Daily & Woods, PLLC,* by: *Mark Horoda,* for appellant.

*Smith, Maurras, Cohen, Redd & Horan, PLC,* by: *Stephen C. Smith* and *Michael K. Redd,* for appellee.

DONALD L. CORBIN, Justice. This case involves a dispute over the placement of additional platform antennae on a cellular telecommunications tower. Appellant City of Fort Smith sought a declaratory judgment from the Sebastian County Circuit Court that additional platform antennae on a tower owned by Appellee Didicom Towers, Inc., constituted an intensification of a nonconforming use, under the City's zoning code. The trial court dismissed the suit on the ground that an action brought by Didicom in federal court would determine the issues between the parties. The City contends that this ruling is in error. It also contends that the trial court erred in denying its motion for a default judgment. Didicom has filed a cross-appeal challenging the trial court's denial of its motion for attorney's fees and costs. Our jurisdiction over this appeal is pursuant to Ark. Sup. Ct. R. 1-2(b)(5), as it presents significant issues needing clarification or development of the law. We find no error and affirm on appeal and cross-appeal.

The record reflects that Didicom's communications tower was constructed in March 2001. The tower is located outside the city limits of the City of Fort Smith. In August 2002, the City adopted a land use plan and a zoning code covering the real property on which the tower is located, pursuant to its extraterritorial jurisdiction, as provided in Ark. Code Ann. §§ 14-56-413 and -416 (Repl. 1998). The City amended its zoning code in May 2003, such that the property where Didicom's tower is situated is zoned with a designation of "open one." Under such a designation, antennae structures are not permitted uses. Thus, Didicom's tower became a lawful, but nonconforming use, in the sense that it was lawfully present prior to the adoption of the zoning code, but it did not conform to the code.

On May 20, 2003, the City filed its declaratory-judgment action in the circuit court, asking the court to declare three things: (1) that the City has properly adopted a zoning code covering the subject real property and antennae structure; (2) that under the

City's zoning code, the antennae structure is a nonconforming use and that such use may not be "intensified" by the addition of more antennae to the structure; and (3) that the City has the police power to review the safety of the antennae structure.

On June 19, 2003, Didicom responded to the complaint by filing a notice of removal of the case in the federal district court, Western District of Arkansas, Fort Smith Division. Didicom contended that the case presented a federal question involving its rights under the Federal Telecommunications Act (FTA). That same date, Didicom filed an answer and counterclaim in the federal district court. The City subsequently filed a motion to remand the action to state court. The motion cited several grounds, including a contention that the case was not yet ripe for federal review. In an order entered on August 19, 2003, the federal district court granted the City's motion and remanded the case to state court. The order reflects the federal judge's conclusion that Didicom's claim under the FTA was not ripe because it had not yet sought and been denied a permit from the City allowing it to add more antennae to its tower. The federal judge wrote: "Until the City denies Didicom such a permit, Didicom has no FTA claim."

Thereafter, Didicom sought a building permit from the City to add more platform antennae to its tower. On September 5, 2003, the City denied the permit, which it asserted was properly termed a "Certificate of Land Use." Didicom appealed to the City's Planning Commission, which held a hearing on October 14, 2003. The Planning Commission issued a denial letter to Didicom on October 29, 2003. Following the Planning Commission's denial, Didicom refiled its action in federal court on November 24, 2003.

On December 17, 2003, Didicom filed in the circuit court a motion to dismiss the declaratory-judgment suit on the ground that the issue the City was asking the circuit court to declare had already been decided by the Planning Commission and was now the subject of review in the federal district court. A hearing was held on Didicom's motion on January 30, 2004. During the course of the hearing, counsel for the City indicated that the only issues before the circuit court were whether the placement of additional platform antennae on Didicom's existing tower would be an intensification of use and whether the City's zoning law restricts Didicom's rights under the FTA. Counsel for the City conceded

that Didicom has a right under the FTA to have the Planning Commission's decision reviewed and that Didicom was pursuing that right in federal court.

After hearing considerable argument from both sides, the trial court granted Didicom's motion to dismiss on the ground that the pending federal action under the FTA would resolve the issues between the parties. The trial court concluded that the issue of intensification would necessarily be decided under the federal court's review, as the Planning Commission's denial was based on its conclusion that the placement of additional platform antennae would be an intensification of a nonconforming use.

Also during the January 30 hearing, the City argued that it was entitled to a default judgment on the ground that Didicom had failed to file an answer in state court following the remand from federal court. Didicom argued that the answer it had filed in federal court was effective in the state-court proceeding. The City filed a formal motion for default judgment on February 11, 2004. The trial court denied the motion on February 25.

Finally, on February 3, 2004, Didicom filed a motion to be awarded costs and attorney's fees for its defense of the declaratory-judgment suit. The motion requested costs in the amount of $1,159.94 and fees in the amount of $6,936.00. The trial court denied Didicom's motion on February 25.

*Points on Appeal*

For its first point for reversal, the City argues that the trial court erred in dismissing its declaratory-judgment suit. The City contends that once a valid suit is brought pursuant to our Declaratory Judgment Act, Ark. Code Ann. §§ 16-111-101 to -111 (1987), a trial court may not decline to rule on such a suit merely because a similar suit is pending in federal court. The City contends that a trial court has a duty to hear a cause before it pursuant to this court's cases and Article 2, Section 13, of the Arkansas Constitution, and that the trial court may not decline to exercise its jurisdiction in an effort to defer to resolution by a federal court.

We note at the outset that the argument raised by the City on appeal is not the argument it pursued below. During the hearing below, the City objected to dismissal of its declaratory-judgment suit on two grounds: (1) the issue whether the placement

of additional platform antennae on Didicom's tower was an intensification of use is a state-law question; and (2) an additional issue was present in state court that was not present in federal court, namely whether the City's zoning law restricts Didicom's rights under the FTA. The record does not reveal that the City ever raised the issue of the trial court's lack of discretion to decline to exercise its jurisdiction under our state constitution or the Declaratory Judgment Act. This court has repeatedly held that an appellant may not change the grounds for objection on appeal, but is limited by the scope and nature of the objections and arguments presented at trial. *See, e.g., Southern College of Naturopathy v. State ex rel Beebe*, 360 Ark. 543, 203 S.W.3d 111 (2005); *Dovers v. Stephenson Oil Co., Inc.*, 354 Ark. 695, 128 S.W.3d 805 (2003); *Barnes v. Everett*, 351 Ark. 479, 95 S.W.3d 740 (2003). Accordingly, we will not address the City's argument for the first time on appeal.

We are thus left with the argument made below, whether the trial court erred in dismissing the case on the ground that the issues present in the City's declaratory-judgment suit would be determined in the pending federal case. We conclude that the trial court did not err.

It is well settled that an action brought pursuant to our Declaratory Judgment Act is intended to supplement, rather than supersede, ordinary causes of action. *See UHS of Ark., Inc. v. Charter Hosp. of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988); *City of Cabot v. Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958). It is not a substitute for an ordinary cause of action, nor is it a proper means of trying a case. *Wilmans v. Sears, Roebuck and Co.*, 355 Ark. 668, 144 S.W.3d 245 (2004). A declaratory-judgment action seeks to avoid uncertainty and insecurity with respect to rights, status, and other legal relations. *Id.* Whether relief under the Act should be granted is a matter resting in the sound discretion of the trial court, and such relief ought not ordinarily be granted where another adequate remedy is at hand. *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002); *Jessup v. Carmichael*, 224 Ark. 230, 272 S.W.2d 438 (1954). Indeed, when another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of a declaratory-judgment action, the court abuses its discretion when it entertains jurisdiction. UHS, 297 Ark. 8, 759 S.W.2d 204; *City of Cabot*, 228 Ark. 1084, 312 S.W.2d 333.

In the present case, the action between the parties in federal court was not pending at the time the City commenced its declaratory-judgment suit. Thus, it would not have been an abuse of discretion for the trial court to have refused to grant Didicom's motion to dismiss. However, the fact that the federal suit was not brought before the state-court action does not mean that the trial court necessarily erred in dismissing the declaratory-judgment action. Section 16-111-108 of the Declaratory Judgment Act provides: "The court may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." In other words, the trial court does not abuse its discretion by refusing to render a declaratory judgment where its decision would not put an end to the controversy between the parties.

The question then is whether a decision by the trial court would have resolved the issues between the parties. The City submits that the trial court's determination on its suit would have been "potentially dispositive" of the litigation between the parties, in that had the trial court ruled against the City on either issue, such decision would have ended the controversy between the parties. The City offers no authority, and we are aware of none, to support its contention that a trial court must render a declaratory judgment if such a judgment *might* end the controversy, depending on how the trial court ruled. Such an outcome-determinative approach would effectively require the trial court to decide the merits of every declaratory-judgment action, regardless of whether the decision would end the controversy. Such a requirement conflicts with the plain language of section 16-111-108 and would essentially render that provision meaningless.

Furthermore, we cannot say that it was an abuse of discretion for the trial court to refuse to render a declaratory judgment based on the facts of this case. The case had been previously removed to federal court for review under the FTA, and the federal court indicated that the controversy was not yet ripe because Didicom had not previously sought and been denied a permit to place additional platform antennae on its tower. Thus, the only thing missing for the federal court to assume jurisdiction was an actual denial of a permit. Following remand to state court, Didicom sought and was denied such a permit. That decision was then appealed to the City's Planning Commission, which also denied the permit. Didicom did not appeal the Planning Commission's

decision to circuit court; rather, it opted to pursue its right of review under 47 U.S.C.A. § 332(c)(7)(B)(v) of the FTA, which provides in pertinent part:

> Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

Pursuant to this statute, the federal court would determine the correctness of the Planning Commission's conclusion that the proposed use was an intensification under the City's zoning law. Additionally, as part of its review under the FTA, the federal court would be asked to determine whether the City's zoning law (1) unreasonably discriminates among providers of functionally equivalent services or (2) prohibits or has the effect of prohibiting the provision of personal wireless services. *See* 47 U.S.C.A. § 332(c)(7)(B)(i).

Accordingly, the issues before the federal court were the same issues before the state court: Whether additional platform antennae would be an intensification of a nonconforming use and whether the City's zoning law impermissibly restricted Didicom's rights under the FTA. As both issues would be decided in federal court, the trial court did not abuse its discretion in dismissing the City's declaratory-judgment suit in favor of allowing the federal court to determine the issues. Moreover, the City's claim that the issue of intensification was a state-law matter is contradicted by its assertion that by failing to appeal the Planning Commission's decision to circuit court, Didicom waived this state-law issue. In other words, the City maintained that Didicom's failure to appeal in state court eliminated the state-law issue regarding the Planning Commission's determination of intensification. Given the City's position, there would be nothing for the state court to declare that could not be addressed in the federal action. We thus affirm on this point.[1] However, we modify the dismissal to one without preju-

---

[1] Because we conclude that the trial court did not abuse its discretion in refusing to render a declaratory judgment in this case, we need not consider the City's subpoint regarding

dice, so that the City may refile its action in the event that the federal court proceeding does not end the controversy between the parties.

For its second point for reversal, the City argues that the trial court erred in denying its motion for default judgment on the ground that Didicom failed to file an answer in state court, following remand from federal court. During the proceedings below, the City relied on Ark. R. Civ. P. 55(f), which, at the time that the City's suit was filed, provided that whenever a case has been removed to federal court and thereafter remanded to state court, a defendant has ten days in which to file an answer or other responsive pleading in state court. However, as amended on January 22, 2004, Rule 55(f) now provides: "No judgment by default shall be entered against a party in an action removed to federal court and subsequently remanded if that party filed an answer or a motion permitted by Rule 12 in the federal court during removal." It is undisputed that Didicom filed such an answer in federal court.

■ Didicom asserts that even though this amendment was not in effect at the time this suit was filed, it should be applied retroactively under this court's decision in *JurisdictionUSA, Inc. v. Loislaw.com, Inc.*, 357 Ark. 403, 183 S.W.3d 560 (2004).[2] There, this court was presented with a virtually identical set of facts, in that the case had been removed to federal court, the appellant filed an answer in federal court, the matter was subsequently remanded to state court, and the appellant did not file a new answer. The appellant argued on appeal that it should be given retroactive benefit of amended Rule 55(f), even though it was not in effect prior to the trial court's decision. This court agreed and held that Rule 55 is a procedural rule, is remedial in nature, and should be given retroactive effect. This court explained:

> In the instant case, [the appellee's] right to request a default judgment was not enlarged or extinguished by the amendment to Rule 55(f). The amendment to the rule merely outlined a new

---

Didicom's argument that once the Planning Commission rendered a final decision on its permit, the trial court lost jurisdiction to act on the City's suit.

[2] In its reply brief, the City acknowledges the amendment to Rule 55(f), and it agrees that the rule is procedural and should be applied retroactively. However, the City indicated that it was not aware of any decision from this court on the issue.

procedure which must be followed before a party may obtain a default judgment after a case has been removed to federal court and then remanded back to circuit court. Under the previous version of Rule 55(f), a plaintiff could request a default judgment if the defendant failed to file an answer to the lawsuit upon its return to state court. Under the new version of the rule, a plaintiff may request a default judgment if the defendant failed to answer the complaint in federal court. Thus, under either version of the rule, a plaintiff may still request a default judgment. The change to the rule merely modifies the standard by which default may be determined. Accordingly, we hold that Rule 55(f) is procedural and remedial and Amended Rule 55(f) may thus be applied retroactively to the case at bar.

*Id.* at 412, 183 S.W.3d at 566. Based on the foregoing holding, we conclude that the trial court did not err in denying the City's motion for default judgment.

### Point on Cross-Appeal

For its cross-appeal, Didicom argues that the trial court erred in denying its motion for costs and attorney's fees. It contends that it was entitled to costs for its successful defense of a declaratory-judgment action, pursuant to section 16-111-111. It also contends that it was entitled to attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999), because the City acted in bad faith in pursing its declaratory-judgment action. Specifically, Didicom argues that once the Planning Commission rendered a final decision denying a permit, the City's suit lacked a justiciable issue. *See* section 16-22-309(b). We find no merit to these arguments.

In the first place, we take issue with Didicom's contention that it successfully defended against the City's declaratory-judgment suit. There was no resolution on the merits of the action; rather, it was merely dismissed because a similar action was pending in federal court, which the trial court believed would determine the issues between the parties. Thus, there was no true prevailing or successful party in this matter. Moreover, generally speaking, an award of costs is within the sound discretion of the trial court. *See Bell v. Bershears,* 351 Ark. 260, 92 S.W.3d 32 (2002); *Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113 (2001); *Whorton v. Gaspard,* 239 Ark. 715, 393 S.W.2d 773 (1965). Section 16-111-111 provides that the trial court may award costs "as may seem

equitable and just." Given the nature of the resolution of this matter, we cannot say that the trial court erred in denying Didicom's request for costs.

Likewise, we cannot say that the trial court erred in denying Didicom's motion for attorney's fees pursuant to section 16-22-309. Subsection (a)(1) provides for an award of fees in "any civil action in which the court having jurisdiction finds that there was a complete absence of a justiciable issue of either law or fact[.]" Subsection (b) provides in pertinent part that in order to find a lack of justiciable issue, "the court must find that the action, claim, setoff, counterclaim, or defense was commenced, used, or continued in bad faith solely for purposes of harassing or maliciously injuring another or delaying adjudication without just cause[.]" Didicom contends that once the Planning Commission denied its permit, the City was acting in bad faith by continuing with its declaratory-judgment suit because it delayed adjudication of the issue in federal court.

■■ We agree with the City that the trial court never made a finding of a complete absence of a justiciable issue. Under the plain language of section 16-22-309, such a finding is a prerequisite to an award of attorney's fees. The trial court's order merely states that the motion for attorney's fees and costs is denied. Pursuant to Ark. R. Civ. P. 52(b), Didicom could have requested the trial court to make additional findings of fact. It did not. In any event, we cannot say that the record before us demonstrates a complete lack of justiciable issue such that the City acted in bad faith by continuing with its declaratory-judgment action following the Planning Commission's decision. The question in this case was not whether a justiciable issue existed between the parties, but whether the controversy should be heard in state or federal court. Thus, the facts of this case simply do not rise to the level of demonstrating the kind of behavior described in section 16-22-309. We thus affirm on cross-appeal.

Affirmed as modified on direct appeal; affirmed on cross-appeal.