

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–13–348

| | |
|---|---|
| | **Opinion Delivered** December 4, 2013 |
| ESCAPES! INC., ESCAPES TO THE GULF, INC., ESCAPES! PROPERTY MANAGEMENT, INC., ESCAPES! TRAVEL CHOICES, LLC, KENT BURGER, and NEFF BASORE<br>APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-12-1956] |
| V. | HONORABLE XOLLIE DUNCAN, JUDGE |
| PALM BEACH VACATION OWNERS ASSOCIATION, INC., NATALIE BOBSIN, HARRY E. BOBSIN, JOHN POPE, RODNEY A. WATSON, SR., DAVID S. BARLEY, CASEY J. PLAGGE, JULIA R. LEIGH, ISAAC LEIGH, and ROBERT EDWARDS<br>APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

Escapes! Inc., Escapes to the Gulf, Inc., Escapes! Property Management, Inc., Escapes! Travel Choices, LLC, Kent Burger, and Neff Basore appeal a Benton County Circuit Court order that dismissed a declaratory-judgment case against Palm Beach Vacation Owners Association, Inc., Natalie Bobsin, Harry E. Bobsin, John Pope, Rodney A. Watson, Sr., David S. Barley, Casey J. Plagge, Julia R. Leigh, Isaac Leigh, and Robert Edwards (collectively "Palm Beach").

We reverse the circuit court's order and remand for further proceedings.

Escapes! Inc., Escapes! Property management, LLC, and Escapes! Travel Choices, LLC (collectively "Escapes") are affiliated companies based in Arkansas. Escapes was the primary developer of The Palm Beach Resort, a condominium group in Orange Beach, Alabama. A portion of the condominiums at the Resort are timeshares. After the condominiums were developed, Escapes retained a contract with The Palm Beach Vacation Owners Association to provide management services for the resort. A 2004 agreement between the parties—the Resort Affiliation Agreement—provides that Escapes will manage the resort and provide certain reservation services to Palm Beach. The Resort Affiliation Agreement has a forum-selection and choice-of-law provision that designates Arkansas as the "exclusive" jurisdiction and venue for legal action and which states that Arkansas law governs the agreement.

In early 2012, The Palm Beach Vacation Owners Association filed a declaratory action in Alabama state court that, among other things, asked the court to terminate the Resort Affiliation Agreement under the Alabama Condominium Act. Escapes removed the Alabama state declaratory-judgment case to federal court. While in federal court, Palm Beach Vacation Owners Association amended its complaint to add eight new parties and six more claims; Escapes also cross-claimed against Palm Beach. In June 2012, the United States District Court for the Southern District of Alabama granted Escapes' motion "to compel arbitration of certain claims." It also granted, in part, Palm Beach's motion for leave to file an amended complaint. In July 2012, the case was submitted to the American Arbitration Association. In October 2012, Escapes moved to dismiss the arbitration

proceedings, citing the Resort Affiliation Agreement's forum-selection clause that designated Arkansas as the exclusive forum for any legal action.

The same day that Escapes moved to dismiss the federal-arbitration matter, it filed a one-count, declaratory-judgment case in Benton County Circuit Court. Among other things, the Arkansas case asked the court to find that Escapes' Resort Affiliation Agreement with Palm Beach was valid and that the court had exclusive jurisdiction over "all claims concerning the interpretation and/or enforcement of the [Resort Affiliation Agreement]."

Palm Beach moved to dismiss Escapes' complaint in lieu of answering it and attached exhibits containing pleadings and orders from the Alabama litigation. Palm Beach asked the circuit court to dismiss Escapes' declaratory-judgment claim for a host of reasons:

- It had no subject matter jurisdiction because part of the Alabama federal lawsuit was about real property in Alabama.

- It lacked personal jurisdiction.

- The Resort Affiliation Agreement's forum-selection clause is unenforceable.

- The court would abuse its discretion if it did not dismiss the declaratory-judgment complaint under Arkansas's Declaratory Judgment Act because Alabama litigation was currently pending over the same issues alleged in the Arkansas declaratory-judgment complaint.

- Escapes waived the forum-selection clause.

Escapes responded to Palm Beach's motion to dismiss by arguing the following:

- The court has subject-matter jurisdiction because this declaratory judgment action is not an *in rem* case and the court has original jurisdiction under Ark. Const. amend. 80 § 6(A).

- The circuit court has personal jurisdiction because the Palm Beach defendants agreed to a forum-selection clause, which acts as a consent to personal jurisdiction.

- The contract's forum-selection clause is enforceable because Palm Beach has not argued that "they would be effectively be deprived of their day in court as a result of the forum selection clause" as is required under Arkansas law to make a forum-selection clause unenforceable.

- The circuit court is not required to dismiss the complaint because of pending arbitration in Alabama when the modern trend allows declaratory-judgment actions to decide the enforceability of forum-selection clauses.

- The Alabama arbitration litigation is not relevant to waiver and, in any event, Escapes filed in Arkansas state court after Palm Beach filed in Alabama federal court.

- A state declaratory-judgment action is not a permissive or compulsory counterclaim in the Alabama federal arbitration case.

Palm Beach's reply brief expanded its argument by saying that most of the parties' agreement was governed by Alabama law, and that the Arkansas forum-selection clause at best governs only a sliver of the issues. Palm Beach also argued that Escapes' declaratory-judgment case in Arkansas was preempted by the Federal Arbitration Act. For Palm Beach, the bottom line was that all declaratory-judgment related claims can and should be resolved in Alabama.

Having held no hearing on the motion to dismiss, the circuit court entered a final order in February 2013. The order treated Palm Beach's motion to dismiss as one for summary judgment and dismissed Escapes' complaint.

The order, which refers to various agreements between the parties and their predecessors in interest, mentions a 2004 agreement that required the parties to submit to

Arkansas jurisdiction. The order also acknowledges Alabama pleadings that Palm Beach attached as exhibits to its motion. The heart of the circuit court's order states:

> The Court believes that, in light of the nature of the time share development within the condominium development, the fact that Alabama law governs the condominium development and the ownership and use of the condominium development, and the fact that Arkansas law as the governing law applies only to the Resort Affiliation Agreement, the lawsuit first filed in Alabama is the appropriate place to litigate the issues between the parties.
>
> It is, therefore, ordered that the Defendants' Motion to Dismiss is treated as a Motion for Summary Judgment and is hereby granted.

Escapes argues here that the court's dismissal was mistaken for procedural reasons and because genuine issues of material fact exist. Palm Beach argues that we should affirm because the court's decision was a discretionary refusal to render a declaratory judgment, a power Palm Beach says the circuit court has under Ark. Code Ann. § 16-111-108.

We hold that the court's order does not state a sufficient legal reason to end the case. The circuit court stated in its order that "the fact that Alabama law governs the condominium development and the ownership and use of the condominium development" was a basis to end the case. But the court provided no reason why this point supported a dismissal, and we cannot confidently supply one under the circumstances. The Resort Affiliation Agreement expressly recites that it "shall be governed by, and shall be construed in accordance with the laws of the State of Arkansas." The parties themselves dispute whether the Alabama Uniform Condominium Act applies to timeshare owner associations. And we have no rulings by the circuit court on whether the Alabama Act applies in whole or in part to The Palm Beach Vacation Owners

Association. We also lack a ruling on the Arkansas forum-selection clause contained in the parties' contract.

The court also wrote that "the lawsuit first filed in Alabama is the appropriate place to litigate the issues between the parties." But it provided no legal reason why the Arkansas case must be dismissed just because a related case in Alabama was also pending. That litigation related to the Arkansas declaratory-judgment case was first filed in Alabama is not itself a sufficient reason to dismiss Escapes' Arkansas case. Even if the Alabama litigation encompasses the same claims and parties as the Arkansas declaratory-judgment case—a procedural fact we do not know—we have held that when the same claim, involving the same parties, is before the courts of different states, then the cases may proceed independently of each other. *White v. Toney*, 37 Ark. App. 36, 39, 823 S.W.2d 921, 923 (1992); *Cotton v. Cotton*, 3 Ark. App. 158, 623 S.W.2d 540, 542 (1981).

We do not accept Palm Beach's argument that the court exercised its discretion to dismiss under Ark. Code Ann. § 16-111-108 and *City of Fort Smith v. Didicom Towers, Inc.*, 362 Ark. 469, 209 S.W.3d 344 (2005). The court did not cite the statute, any line of cases that applied the statute, or discuss its dismissal in discretionary terms.

The court had before it detailed briefs on subject-matter jurisdiction, personal jurisdiction, the Arkansas Declaratory Judgment Act, the enforceability of a forum-selection clause, waiver, federal preemption, and other issues. Yet the order does not cite or discuss any of these points and does not otherwise provide a sufficient legal basis to dismiss the declaratory-judgment action that Escapes filed. This case was simply not ripe

for a dismissal. So we reverse the order of dismissal and remand for further proceedings. We need not address the remainder of Escapes' arguments on appeal.

Reversed and remanded.

PITTMAN and WYNNE, JJ., agree.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *David R. Matthews* and *Sarah L. Waddoups*, for appellants.

*Davis, Clark, Butt, Carithers & Taylor, PLC*, by: *William Jackson Butt, II*, and *J. David Dixon*, for appellees.