RIDER v. LEATHERMAN.

Opinion delivered February 3, 1908.

EQUITY—JURISDICTION TO RESTRAIN MUNICIPAL PROSECUTIONS.—Equity will not entertain a contest over the question as to the validity of a municipal ordinance nor restrain prosecutions pending the determination of that question, as the whole matter can be settled in a court of law.

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

*R. G. Davies,* for appellant.

In attempting to enforce an ordinance to cancel the license of physicians issued to them by the State, the city of Hot Springs goes entirely beyond its powers. A license may be cancelled only by the authority that issued it. 21 Am. & Eng. Enc. of L. 826, note 3. The right to continue in business cannot arbitrarily be taken away. 19 U. S. 114; 198 U. S. 45. A physician cannot be deprived of his certificate to practice medicine except by due process of law. 11 Mont. 429; 125 Ill. 296; 5 App. Ct. D. C. 241; 187 Ill. 587; 11 Col. 518; 118 U. S. 366; 10 Nev. 323; 4 Wall. 277; 53 N. J. Eq. 101. See, also, 152 U. S. 137; 133 N. C. 729; 59 L. R. A. 187; 34 Ark. 557.

*Wood & Henderson,* for appellees.

1. The law affords a complete and adequate remedy. Chancery does not enjoin criminal prosecutions, neither will it interfere by way of injunction to stay criminal proceedings nor

in any case not strictly of a civil nature. 34 Ark. 375; *Id.* 559; *Id.* 603; 39 Ark. 412; 44 Ark. 139.

2. The ordinance complained of is valid. 77 Ark. 506; Kirby's Dig. § § 5460-1, 5463-4.

3. If that part of the ordinance making the revocation of the license a part of the punishment were invalid, that would not invalidate the residue of the ordinance. 73 Ark. 356; 53 Ark. 490; 54 Ark. 657; 55 Ark. 200; 58 Ark. 407; 40 Ark. 448; 55 Ark. 166; 46 Ark. 312; 64 Ark. 555; 63 Ark. 576; 64 Ark. 152.

Wood, J. Appellant is a practicing physician in the city of Hot Springs. He seeks by this appeal to enjoin appellees from interfering with him in the practice of his profession, alleging, in brief, that they had entered into a conspiracy to unjustly, unlawfully and corruptly destroy his business as a physician by making false charges against him of having violated a certain ordinance of the city of Hot Springs, in order to have him convicted under said ordinance, and to have his license revoked, which is a part of the punishment provided. Appellant alleged that the ordinance was void for the want of power in the city to pass it, and says that, even if it be a valid ordinance, he is not guilty of a violation of any of its provisions. He alleges that appellees are insolvent, and that he has no adequate remedy at law, and he therefore prays for an injunction, etc.

The appellees demurred on the grounds: (1) That the facts stated are insufficient to constitute a cause of action; and, (2) that the court has no jurisdiction. The court sustained the demurrer, and, appellant resting on his complaint, same was dismissed, and he prosecutes this appeal.

This court has often ruled that "chancery courts will not interfere by way of injunction to prevent anticipated criminal prosecutions." The city, through her citizens, has the right to enforce the ordinance, if valid. A court of chancery will not entertain a contest over the question as to the validity of the ordinance and restrain prosecutions pending the determination of that question, as the whole matter can be settled in a court of law, where only the violations of the ordinance, if valid, can

be punished.   See *State* v. *Vaughan*, 81 Ark. 117; *Portis* v. *Fall*, 34 Ark. 375; *Medical Institute* v. *Hot Springs*, 34 Ark. 559; *Taylor* v. *Pine Bluff*, 34 Ark. 603; *Waters-Pierce Oil Co.* v. *Little Rock*, 39 Ark. 412; and *New Home Sewing Machine Co.* v. *Fletcher*, 44 Ark. 139.

This court, in the case of *Thompson* v. *Van Lear*, 77 Ark. 506, held that the act was valid, at least, to the extent of being a police regulation against the procuring of patients through hired agents.   That is sufficient to warrant a court of chancery in refusing its aid to stop the criminal prosecution by injunction.

Affirm.