MID-STATE CONSTRUCTION CO. v. HENRY B. MEANS, JUDGE

4735                                              434 S.W. 2d 292

Opinion Delivered November 25, 1968
[Rehearing denied December 23, 1968.]

*Terral, Rawlings, Matthews & Purtle* for petitioner.

*James C. Cole* for respondent.

PAUL WARD, Justice.    The only question presented here is whether the circuit court or the Workmen's Compensation Commission has jurisdiction of a cause of action which arose out of a highway collision.    The facts presently set forth are not in dispute.

On October 5, 1967 John Brooks was killed while driving a truck, loaded with asphalt, from the plant site of Mid-State Construction Co. (petitioner here) located near Malvern to a job site near Arkadelphia. The truck belonged to Mrs. W. L. Tatum, d/b/a G. T. Trucking. On November 20, 1967 Reta Brooks (widow of deceased) filed a claim with the Arkansas Workmen's Compensation Commission (called Com.) contending her husband was an employee of petitioner, and asking for compensation.    On December 21, 1967, petitioner responded to said petition, alleging the deceased was not its employee but was an independent contractor and was acting as such at the time of his death.

Before any further steps were taken before the Commission, the widow filed, in the circuit court, a "Complaint for Declaratory Judgment" asking the court to declare that the deceased was an employee of petitioner.    After the introduction of interrogatories the trial court gave petitioner ten days to answer or to further plead, preparatory to trying the issue raised in the complaint.

On July 12, 1968 petitioner (Mid-State) asked this Court to prohibit the circuit judge from proceeding further, and to allow time for filing a transcript and brief. This request was granted, and the issue is now presented to us on briefs by both parties.

Petitioner (Mid-State) contends that the circuit judge should be prohibited from proceeding further in the declaratory judgment action because:

"The subject matter of this litigation lies solely with the Arkansas Workmen's Compensation Commission, and the Hot Springs County Circuit Court is without jurisdiction."

It is our conclusion that, under the undisputed facts in this case, the Writ should be granted. This conclusion is based on our opinion in the case of *City of Cabot* v. *Morgan,* 228 Ark. 1084-1085, 312 S.W. 2d 333. There, the rule applicable in the case here was plainly stated by this Court in the following language:

"It has been pointed out that declaratory judgment statutes, such as our uniform act, Ark. Stats. 1947, Title 34, Ch. 25, are intended to supplement rather than supersede ordinary causes of action. Anderson on Declaratory Judgments, § 48. In harmony with this principle it is well settled that declaratory relief should be withheld when the same questions are already at issue in a pending case."

(Citing Cases.)

It must be conceded that, in the case before us, the issue (was the deceased an employee of Mid-State?) was pending before the Commission when the circuit court attempted to assume jurisdiction and decide the same issue.

Granted.

HARRIS, C.J., concurs.