S & S NEWS AGENCY, INC. *v.* JACK FREEZE, MAYOR ET AL

5-5140                                                449 S. W. 2d 404

Opinion delivered January 26, 1970

*Harper, Young & Smith* and *Franklin Wilder,* for appellant.

*Daily & Woods,* for appellees.

CONLEY BYRD, Associate Justice. Appellant S & S News Agency, Inc., a wholesale magazine distributor

and operator of one retail establishment known as the Point Newsstand, brought this action in equity to prevent appellees, Jack Freeze, Mayor; Clifford V. Keheley, City Administrator; J. Sam Wood, City Attorney, and the City of Fort Smith, Arkansas, from prosecuting appellant's agent under Ark. Stat. Ann. § 41-2704 (Repl. 1964), and from harassing or threatening appellant with further prosecution for the sale of the magazines involved in *Gent* v. *Arkansas*, 239 Ark. 474, 393 S. W. 2d 219 (1965), and *Redup* v. *New York*, 386 U.S. 767 18 L. ed. 2d 515, 87 S. Ct. 1414 (1967). Appellees filed a joint motion to dismiss upon the basis that the petition shows on its face that it is a proceeding to enjoin a criminal prosecution, in which case equity would be without jurisdiction because an adequate remedy exists at law. When the motion was first presented the trial court entered the following order:

> "The Court concludes on July 3, 1969, that the motion should be treated as a demurrer and the Court is of the opinion that equity has no jurisdiction of the allegations of this complaint, that the complaint fails to state a cause of action upon which relief can be granted and that a complete and adequate remedy exists at law in the adjudication of any prosecutions that may be instituted in the law courts but in order to give full opportunity to plaintiff to sustain equity jurisdiction, the Court reserves its ruling upon such demurrer at this time and does grant to plaintiff a hearing on July 14, 1969, at which time plaintiff will be given an opportunity to present proof."

After the hearing, the court entered the following order:

> "And now on this July 14, 1969, the parties appearing . . . and the Court finds that plaintiff has failed to make a *prima facie* showing of 'continual threats and studied harassment' as alleged in the

complaint and has failed to make a *prima facie* showing of irreparable injury and has failed to make a *prima facie* showing that the plaintiff has no adequate remedy at law and the Court is of the opinion that no jurisdiction exists in Chancery over the allegations of the complaint, that no grounds exist for transfer of this case to the law court because all constitutional questions sought to be raised can be litigated in any prosecutions, if any are commenced, and the Court finds that the demurrer should be sustained, and the complaint dismissed . . .''

For reversal appellant argues: that the burden was on defendants to sustain their motion; that the trial court had jurisdiction; that the defendants had violated appellant's constitutional rights; that the trial court should declare the statute invalid; and that the question of obscenity was not involved.

Upon a trial held pursuant to the July 3rd order, it was shown that appellant was only interested in an injunction regarding subsequent issues of the magazines named in the United States Supreme Court mandate in *Gent* v. *Arkansas, supra.* The proof shows that two Fort Smith Police officers went to the Point Newsstand and purchased two magazines, neither of which is involved in this litigation. The officers took the two magazines to the prosecuting attorney and then to the municipal judge who issued a warrant for the sale of obscene literature. When the officers returned with the warrant to arrest the newsstand operator, appellant's manager had arrived. At that time he voluntarily turned over to the officers copies of the magazines here involved so that they might take them to the prosecuting attorney for a determination of whether they violated the obscenity law. The proof shows that the newsstand operator was convicted in the municiapal court and that an appeal from that conviction is now pending in the Sebastian Circuit Court. Subsequent to the operator's arrest and

the ensuing publicity therefrom, other newsstands in the city told appellant to pick up the magazines that are here involved. Eventually appellant's only retail outlet, the Point Newsstand, was forced to close down from lack of revenues from the sale of its magazines.

The rule consistently adhered to by this court is set forth in *Rider* v. *Leatherman,* 85 Ark. 230, 107 S. W. 996 (1908). We there held that equity will not entertain a contest over the validity of a statute nor restrain prosecutions pending the determination of the validity thereof where an adequate remedy at law exists. When we consider the complaint as amended to conform to the proof, Ark. Stat. Ann. § 27-116 (Repl. 1962), we agree with the trial court that equity had no jurisdiction to restrain the acts of which appellant complains.

While appellant loudly proclaims that its constitutional rights have been violated, the real gravaman of its complaint seems to be that neither the City Administrator nor the City Attorney will say whether appellant will be allowed to sell subsequent issues of the magazines involved in *Gent* v. *Arkansas,* without being arrested under the obscenity law. We know of no law, and appellant has cited us none, which would permit a blanket injunction against a municipality with respect to all subsequent issues of the magazines involved irrespective of content or subject matter.

Affirmed.

CARLETON HARRIS, Chief Justice, concurs.