SEBASTIAN COUNTY ASSOCIATION FOR
RETARDED CITIZENS AND INDEPENDENT
LIVING, INC. *v.* BOARD OF ZONING
ADJUSTMENT OF THE CITY
OF FORT SMITH, ARKANSAS et al

78-261                                          577 S.W. 2d 394

Opinion delivered February 26, 1979
(Division I)

*Morton, Gitelman* and *Stephen M. Sharum*, for appellants.

*Dailey, West, Core, Coffman & Canfield,* for appellees.

JOHN I. PURTLE, Justice. Appellants, Sebastian County Association for Retarded Citizens and Independent Living, Inc., obtained an offer and acceptance to purchase a particular piece of property in the City of Fort Smith, Arkansas, which was zoned R-2 for single family purposes. They applied to the Planning Department of Fort Smith for permission to use the property by a married couple who wanted to keep nine moderately retarded citizens, not their natural children, in the home with them. The request was denied by the Planning Department. Appellants appealed to the Board of Zoning Adjustment of the city which affirmed the ruling by the Planning Department holding the proposal of appellants' intended use did not qualify as a single family. Thereafter appellants filed suit in chancery court in which they sought a declaratory judgment and mandatory injunction against the Board of Zoning Adjustments and the city. A nearby property owner, Frank Posey, intervened on the side of appellees. The appellants were unable to purchase the particular property because it was sold to a third party. The chancery court action was then amended to seek the same relief as to any property located anywhere in the city where only single family purposes were permitted. The appellees filed a motion to dismiss the petition as amended.

Upon hearing the motion to dismiss, the court granted the motion without prejudice on the grounds of mootness of the issues, lack of jurisdiction and non-justiciable nature of the issues as presented.

Appellants contend on appeal that the court erred in dismissing the amended complaint on the grounds of mootness and non-justiciability.

There is no dispute about the facts in this case.

Appellants' request for waiver was denied at a time when they definitely had a legal interest in a particular piece of property through the written offer and acceptance. Apparently appellees agreed at that time that a justiciable issue was before the court. However, when appellants lost the deal to purchase the particular house, an entire new ball game commenced.

Ark. Stat. Ann. § 34-2501 (Repl. 1962) reads as follows:

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

Therefore, a court of chancery, within its jurisdiction, has the power to consider a declaratory judgment. We held in *Jackson v. Smith*, 236 Ark. 419, 366 S.W. 2d 278 (1963) that if the subject matter of the declaration is within equity jurisdiction an action may be maintained in equity for a declaratory judgment. We do not ignore *Bennett v. N.A.A.C.P.*, 236 Ark. 750, 370 S.W. 2d 79 (1963) which was somewhat more complicated and might be considered to hold there was no legal interest held by the plaintiffs. However, the United States Supreme Court had declared similar acts unconstitutional in Virginia, and the United States District Court in Little Rock, Arkansas, had directed the plaintiffs to proceed in the state court. Further, the acts in question directly affected the plaintiffs inasmuch as they would have to register and list their names. Therefore, the plaintiffs in *Bennett* had an interest to protect at the time of the declaratory action.

We think proper considerations were present in *Arkansas Release Guidance Foundation v. Hummell*, 245 Ark. 953, 435 S.W. 2d 774 (1969), cited by both appellant and appellees, wherein we held that consideration of zoning ordinances was properly restricted to that part of the city where the zoned property was located. In *Hummell* we considered a class D apartment district wherein the *owner* of the property desired to use

it for a residence for exconvicts and we held the trial court was correct in restricting the ruling to the class D zone in which the parties defendant lived. We did not disturb the trial court's finding that the property owners living in the vicinity of the property were proper parties. The injunction in *Hummell* was limited to a specific address. It did not challenge an entire zone as do appellants.

*McDonald v. Bowen,* 250 Ark. 1049, 468 S.W. 2d 765 (1971) cited by appellants was a taxpayer's suit and we have always recognized a taxpayer's right to such a declaratory judgment to prevent the illegal exaction of taxes. A taxpayer definitely has standing to file suit concerning exaction of taxes. In *Culp* v. *Scurlock,* 225 Ark. 749, 284 S.W. 2d 851 (1955), also cited by appellants, the plaintiffs lived in the 300-foot zone to which the challenged statute applied. Therefore, appellants in *Culp* had a direct interest in the declaratory proceedings. They were being required, or had been directed by a public official, to place stamps on cigarettes against their wishes and by what they thought was an illegal requirement of the law.

We hold that the appellants did not have a legal interest to protect as reflected by the facts and circumstances of this particular case. They were not challenging a tax, a requirement that they act or refrain from acting, that they move or not move, or do or refrain from doing anything in particular. There is no evidence that they were even residents or citizens of the zone or the city. In fact appellants are corporations and, as such, do not require any residence in a physical sense. In a proper case they would, no doubt, have standing to maintain an action on behalf of the prople they represent.

We held in *Andres* v. *First Arkansas Development Finance Corp.,* 230 Ark. 594, 324 S.W. 2d 97 (1959) that a declaratory judgment is not proper to decide the legal effect of laws upon contingent and uncertain or future facts which may never occur. Also, that the danger or dilemma must already exist and cannot be granted upon speculation or remote possibilities.

The chancellor dismissed the petition without prejudice; therefore, appellants may well again have standing to bring this identical action. If they do, then the court will have

to make a decision based upon the then existing facts with all interested parties having an opportunity to join in the proceedings. The other interested parties are not known at this time and pure speculation would have to be used to determine their identity.

We agree with the trial court that, after appellants lost their attempt to purchase the particular property, the issue became moot and they have no interest to protect at this time. The facts as presented in the amended petition do not present a justiciable issue for determination by the court.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.