CITY OF GARLAND, Arkansas *v.*
MILLER COUNTY, Arkansas, and
ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT

80-152                                    606 S.W. 2d 751
Supreme Court of Arkansas
Opinion delivered November 3, 1980

*Dowd, Harrelson & Moore*, for appellant.

*Chris Parker* and Prosecuting Attorney's Office, 8th Judicial District by: *Kirk D. Johnson*, for appellees.

JOHN I. PURTLE, Justice. The City of Garland, Miller County, Arkansas, filed a petition for declaratory judgment in the Miller County Chancerry Court in which it sought to enjoin Miller County and the Arkansas State Highway and Transportation Department from trying cases in the Miller County Municipal Court when the violations occurred within the Garland city limits. The chancellor refused to issue an injunction.

On appeal it is argued the court erred in determining that the City of Garland, Arkansas, does not have exclusive jurisdiction under Arkansas statutes for the prosecution of offenses which are violations of the Garland city ordinances and which are also in violation of state laws.

The City of Garland claimed the exclusive right to have cases tried in the City Court when the violations occurred within the city limits. The city had adopted state laws as part of the city ordinances.

Our declaratory judgment statute is Ark. Stat. Ann. § 34-2501 (Repl. 1962) which states in part:

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. . . .

We held in the case of *Jackson* v. *Smith, Chancellor*, 236 Ark. 419, 366 S.W. 2d 278 (1963), that under the declaratory judgment act chancery courts had jurisdiction to render declaratory judgments where the subject matter of the declaration was within equity jurisdiction. In *City of North Little Rock, et al* v. *Gorman, et al*, 264 Ark. 150, 568 S.W. 2d 481 (1978), we held that courts of equity do not have jurisdiction to render declaratory judgments where the matter is not cognizable in a court of equity. Again, in the case of *Sebastian Co. Assn.* v. *Ft. Smith Zon. Adj. Bd.*, 265 Ark. 175, 577 S.W. 2d 394 (1979), we held that if the subject matter of a declaration is within equity jurisdiction an action could be maintained for a declaratory judgment in a court of equity.

In the present case the subject matter under consideration was whether the prosecuting attorney could be compelled to file the overweight vehicle citations in the Garland City Court inasmuch as they were issued by the Transportation Officers from their scales in the city limits of Garland. This subject matter is not subject to action by the chancery court, and it therefore had no jurisdiction to consider the petition.

Reversed and dismissed.