# ARKANSAS DEPARTMENT OF HUMAN SERVICES *v.* M.D.M. CORPORATION d/b/a Nursing Home and North Arkansas Life Care Center, Inc.

87-356                                                    750 S.W.2d 57

Supreme Court of Arkansas
Opinion delivered May 23, 1988

550

*Breck G. Hopkins*, Deputy Gen. Counsel, and *Richard B. Dahlgren*, Asst. Gen. Counsel, Department of Human Services, for appellant.

*Robinson, Staley, Marshall & Shively*, by: *Scotty Shively*, and *William T. Marshall*, for appellees.

ROBERT H. DUDLEY, Justice. ▮ The appellant seeks an advisory opinion, and we dismiss the appeal because it is moot. The appellees, two corporations that operate nursing homes, submitted applications to the appellant, Office of Long Term Care of the Arkansas Department of Human Services, for licenses to expand their nursing homes. The appellees contended their applications should have been immediately approved because they fell within a capital expenditure exemption contained under Act 593 of 1987 (Regular Session). The appellant contended that the exemption did not entitle appellees to the licenses because their applications were not approved prior to the effective date of Act 40 of 1987 (1st Extraordinary Session). Ark. Code Ann. § 20-8-106 (Supp. 1987). Prior to exhausting all administrative appeals, the appellees filed a petition for a writ of mandamus. The trial court issued the writ and ordered appellant to begin the review process of appellees' applications for licensure. The appellant applied for an order of supersedeas, but it was not issued. The appellant's reply brief states that the hearings now have been held. Therefore, the issue is moot. We do not decide moot cases. *Hogan* v. *Bright*, 214 Ark. 691, 218 S.W.2d 80 (1949).

▮ In oral argument of this case the attorneys for both parties were asked if they were not seeking an advisory opinion in a moot case. The attorney for the appellant admitted that it was

moot, but argued that the trial court applied Act 593, instead of Act 40, and the holding became a binding precedent unless reversed in this appeal. The short answer to the argument is that the trial judge did not rule that Act 40 was inapplicable. There is no definitive holding on the question of which act governs. The attorney for the appellees, whose clients stand to benefit by this appeal being dismissed, took issue with appellant's statement that both hearings had been held. She stated that the hearing had been held for one appellee and indicated the review process was under way for the other. We do not know the exact state of the case, but obviously the affirmative order of the trial court to process the application is being followed, so the case is moot. The issues argued in their appeal have not yet been fully adjudicated below. They will have to be decided administratively and by a court of competent jurisdiction before they can be decided by an appellate court.

Appeal dismissed.