UHS OF ARKANSAS, INC. *v.* CHARTER HOSPITAL OF LITTLE ROCK, INC., and Arkansas Health Services Agency, et al.

88-77                                          759 S.W.2d 204

Supreme Court of Arkansas
Opinion delivered October 31, 1988

*William H. Sutton; Walter A. Paulson II; H. Charles Gschwend, Jr.; Friday, Eldredge & Clark*; and *Robert L. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *George A. Harper*, Special Asst. Att'y Gen., for appellees Ark. Health Serv. Agency, Ark. Health Serv. Comm'n, and Ark. Dep't of Health.

*House, Wallace & Jewell, P.A.*, by: *Charles R. Nestrud* and

*Janie Wilbanks*; and *King & Spaulding*, by: *Richard L. Shackelford*, for appellee Charter Hospital of Little Rock, Inc.

ROBERT H. DUDLEY, Justice. This is yet another appeal spawned by Act 593 of 1987 (Regular Session) which governs the issuance of permits for new or expanded hospital facilities, and Act 40 of 1987 (First Extraordinary Session) which, with some exceptions, places a two year moratorium on those permits. *See Arkansas Dep't of Human Serv. v. M.D.M. Corp.*, 295 Ark. 549, 750 S.W.2d 57 (1988); *U.H.S. of Arkansas, Inc. v. City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988); and *Arkansas Dep't of Human Serv. v. Green Acres Nursing Home*, 296 Ark. 475, 757 S.W.2d 563 (1988). In this case, UHS of Arkansas, Inc., the appellant, presently operates a psychiatric hospital within two miles of Maumelle. Appellee Charter Hospital of Little Rock plans to construct a similar facility within Maumelle itself. A number of suits involving these parties were pending below when appellee Charter filed this suit in chancery court and obtained a declaratory judgment that it was exempt from the moratorium on licensing. We reverse and remand the case to the chancery court with instructions to transfer the case to circuit court, which had original jurisdiction.

Appellant raises six points of appeal. Since we find merit in the first point, which challenges the exercise of jurisdiction by the chancery court, it is not necessary to address the other points.

In order to understand the issue involving the exercise of jurisdiction, it is necessary to discuss the history of these cases in some detail. Act 593 of 1987 [codified as Ark. Code Ann. §§ 20-8-101 to -109 (Supp. 1987)], was passed during the Regular Session of the legislature. It was amended by Act 40 of 1987 which was passed during the First Extraordinary Session. Act 40 created a moratorium on the licensing of additional hospital beds which, with some exceptions, will not expire until June 1989. The exception pertinent to the instant case is for municipalities which do not have a hospital, and which have a population of 5,000 or more, and are in a county having a population of 50,000 or more.

Appellee Health Services Agency interpreted Act 593, as amended, to provide not only an exemption from the moratorium for municipalities meeting the exemption's requirements, but also an exemption from the permit of approval requirement.

Appellee Charter Hospital of Little Rock, Inc., proposed construction of a psychiatric hospital in Maumelle, claiming to fall within these exemptions. Appellee Health Services Commission subsequently adopted the agency's interpretation of Act 593, as amended. The effect of that decision was to refuse to initiate legal action to stop appellee's proposed medical facility from being built in Maumelle.

On September 23, 1987, appellant filed a petition in circuit court seeking review of the administrative decision. The petition challenged the interpretation of the permit of approval exemption and Maumelle's population qualification for the moratorium exemption. Charter was not originally a party to the action filed in circuit court; however, it has since sought to intervene. The motion to intervene is currently pending in circuit court.

On October 21, 1987, an action for declaratory judgment in a companion case involving the City of Sherwood was filed in chancery court. The Sherwood action sought a declaratory judgment concerning the constitutionality of Act 593, as amended, and the interpretation of the permit of approval exemption. Appellant UHS sought to intervene in the Sherwood declaratory judgment action and was permitted to do so only after an appeal to this Court. *UHS of Arkansas, Inc.* v. *City of Sherwood,* 296 Ark. 97, 752 S.W.2d 36 (1988).

On November 4, 1987, appellant UHS filed an action in circuit court seeking a declaratory judgment concerning the constitutionality of Act 593, as amended, the interpretation of the permit of approval exemption, and the interpretation of the population requirement. The UHS declaratory judgment action has been consolidated with the original petition for review which was filed in circuit court on September 23, 1987, and both are still pending.

On November 5, 1987, appellee Charter Hospital, Inc., filed an action in chancery court seeking declaratory judgment concerning the constitutionality of Act 593, as amended, and the interpretation of the permit of approval exemption. Appellant UHS subsequently filed a motion seeking to intervene in the Charter declaratory judgment action, to consolidate it with the two cases pending in circuit court, and to transfer the chancery cases to circuit court to effectuate consolidation. By order dated

December 8, 1987, the chancellor allowed appellant UHS to intervene in the Charter declaratory judgment action, but denied the request to transfer to circuit court and consolidate with the cases pending there.

Appellees sought summary judgment in the Charter declaratory judgment action. The chancery court granted summary judgment finding that Act 593, as amended, did not violate the Arkansas constitutional prohibition against special and local legislation, and that appellee Charter was exempt from the moratorium and from the permit requirement since it satisfied the population requirements of Act 593, as amended. This appeal followed. Appellant contends that the chancellor abused his discretion in accepting jurisdiction of this case and ruling on its merits. The argument is meritorious.

██ Our declaratory judgment statute does not confer subject-matter jurisdiction. There must be an independent basis for equitable jurisdiction before a chancery court can render a declaratory judgment. *City of North Little Rock* v. *Gorman*, 264 Ark. 150, 568 S.W.2d 481 (1978). Here, the independent basis for equitable jurisdiction lay in the challenge to the constitutionality of Act 593, as amended. *See American Television Co., Inc.* v. *City of Fayetteville*, 253 Ark. 760, 489 S.W.2d 754 (1973). Thus, the "jurisdictional" issue involved in the instant case concerns matters of propriety rather than subject-matter jurisdiction.

██ The rules concerning the propriety of a court exercising jurisdiction over a declaratory judgment action are not complicated. Declaratory judgment statutes are intended to supplement rather than supersede ordinary causes of action. Consequently, when another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction. *Mid-State Const. Co.* v. *Means*, 245 Ark. 691, 434 S.W.2d 292 (1968); *City of Cabot* v. *Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958). If this were not the law, one could be charged in circuit court with violating the law, and the accused could seek a declaratory judgment in chancery court that the law was unconstitutional. Aside from the fact that the courts might rule differently,

creating unnecessary confusion, such a system would create an extra burden on the trial courts, increase the appellate load, and thoroughly confuse the law enforcement agencies and the public.

■ Applying the aforementioned rules to the facts of the instant case, it is clear that the chancery court abused its discretion in exercising jurisdiction. At the time the Charter declaratory judgment action was filed in chancery court on November 5, 1987, the UHS petition for review was pending in circuit court. The parties to the petition for review action are appellant UHS and appellees Health Services Agency and Health Services Commission. Appellee Charter Hospital of Little Rock, Inc., has also sought to intervene in the case. Thus, the same parties are involved in both cases. Further, all of the issues sought to be determined by the parties are pending before the circuit court. It is of no consequence that the issue challenging the constitutionality of Act 593, as amended, was not raised in the original petition for review since it could have been raised at that time, and subsequently has been. *City of Cabot* v. *Morgan*, 228 Ark. 1084, 312 S.W.2d 333 (1958).

■ Appellees assert in a footnote to their argument that the circuit court has no jurisdiction over appellant's administrative appeal because the decision for which they seek review was not an administrative adjudication. A similar assertion of lack of jurisdiction was raised in *City of Cabot* v. *Morgan*, 228 Ark. at 1086. Here, as well as there, the argument is rejected because the circuit court's subject-matter jurisdiction is an issue which can best be decided in the first instance by the circuit court, along with all of the other issues concerning these parties.

Finally, appellees argue that even if the chancellor should have considered transferring the case to circuit court, the issue regarding the constitutionality of the act clearly falls within the "public policy" exception of *Wood* v. *Goodson*, 253 Ark. 196, 485 S.W.2d 213 (1972):

> The rule, that constitutional issues will not be determined unless their determination is essential to a disposition of the controversy, like all other judge-made rules admits of certain exceptions. One of those exceptions is where the settlement of the controversy involves a matter of public importance.

■ The argument is without merit. The *Wood* case did not involve the exercise of jurisdiction between two courts with the same issues pending in both. The constitutional issue will be decided by the circuit court in this case.

We reverse and remand with instructions to transfer this case to circuit court.