Frances LANCASTER and Larry Lancaster *v.* John
G. FITZHUGH

92-115                                         839 S.W.2d 192

Supreme Court of Arkansas
Opinion delivered October 12, 1992

*Matthew Horan*, for appellants.

*James E. O'Hern III*, for appellee.

DONALD L. CORBIN, Justice. This is an appeal from an order of the Sebastian Circuit Court finding that appellee, attorney John Fitzhugh, is entitled to 20 % of any recovery by appellants, his former clients Frances and Larry Lancaster, in the setting aside of a trust. On appeal, appellants assert the circuit court erred in entering such an order because it was without subject matter jurisdiction to do so and because it awarded damages not contemplated by the parties. Appellants' first argument concerning subject matter jurisdiction requires our construction of Ark. Code Ann. § 16-22-304(d) (Supp. 1991); our jurisdiction is therefore proper pursuant to Ark. Sup. Ct. R. 29(1)(c).

The background facts of this case are as follows. Appellant Frances Lancaster claims to be the niece and only heir of the late Grace Phillips Kingsbury. Prior to their deaths, Mrs. Kingsbury and her husband attempted to create an inter vivos charitable trust. Mrs. Kingsbury survived her husband and after her death appellants contacted appellee about attacking the will and trust. Appellants also contacted an attorney practicing in Oklahoma, O. Christopher Meyers, concerning the Kingsbury trust and estate. Appellee and appellants entered a written contract in which the parties agreed that appellee would represent appellants in challenging the will and trust and appellants would pay appellee costs incurred in addition to a legal fee of 20 % of any recovery reached as a settlement or 33 1/3 % of any recovery reached at trial. Appellee began work on the case and communicated to appellants, both in writing and orally, the results of his research. Among other issues, appellee researched the possibility of attacking the trust as non-charitable and in violation of the Rule Against Perpetuities. Merchants National Bank of Fort Smith (the Bank), which served as both the trustee of the Kingsbury trust and executor of the Kingsbury estate, offered to settle with appellants for $25,000.00. Appellants refused the offer of $25,000.00, terminated appellee, and hired Mr. Meyers to represent them in the Kingsbury matter. Meyers ultimately initiated an action in federal district court to attack the trust. The Western District of Arkansas held that the trust was not a charitable trust, violated the Rule Against Perpetuities, and ordered that the resulting trust become part of Mrs. Kingsbury's estate. That decision is currently in the midst of federal appellate

procedure.

Shortly after appellants terminated appellee, he filed a complaint against appellants in Sebastian Circuit Court. Appellee's original complaint was based on the written contract and sought recovery of the reasonable value of services rendered in the Kingsbury matter, $5,000.00, and expenses actually incurred, $185.00. Appellee amended his complaint three times so that ultimately, in addition to the $5,185.00, he sought a declaration of his rights in any recovery of appellants from the Kingsbury estate or trust and asserted an attorney's lien of 20% of any such recovery. After a bench trial, the Sebastian Circuit Court held that appellee was entitled to 20% of any recovery by the appellants as a result of the setting aside of the Kingsbury trust. This appeal followed.

Appellants' first argument is that, pursuant to our Attorneys Lien Law, specifically Ark. Code Ann. § 16-22-304(d) (Supp. 1991), the circuit court was without subject matter jurisdiction to hear the case. In order to understand this issue it is necessary to discuss the status of the Attorneys Lien Law in some detail.

Our Attorneys Lien Law, Ark. Code Ann. §§ 16-22-301 to -308 (1987 & Supp. 1991), has been amended by 1989 Ark. Acts 293. These amendments were a direct response to *Henry, Walden & Davis* v. *Goodman*, 294 Ark. 25, 741 S.W.2d 233 (1987), which held that the previous Attorneys Lien Law did not mandate that attorneys who were discharged before suit was filed recover the full contingent fee stated in their contracts. The *Goodman* case went on to state that the only common law remedy available to attorneys suing on their contingent fee contracts was quantum meruit. Act 293 of 1989 expressed a clear legislative intent that attorneys be allowed to rely on the contracts they make with their clients, regardless of whether the contract is for a contingent fee or otherwise. We have interpreted the 1989 amendments to the Attorneys Lien Law as allowing an attorney who has initiated action on his client's behalf and then been discharged, to rely on his contract and recover a contingent fee from not only the client, but third persons as well. *Lockley* v. *Easley*, 302 Ark. 13, 786 S.W.2d 573 (1990).

With respect to the status of our Attorneys Lien Law, we note that neither party has asked us to overrule our analysis in

*Goodman*, 294 Ark. 25, 741 S.W.2d 233, of the common law remedies available to an attorney suing on his attorney-client contract. While we may be inclined to reconsider our analysis in *Goodman*, 294 Ark. 25, 741 S.W.2d 233, public policy dictates that we refrain from doing so in the absence of at least one of the parties' requests. *See Otter Creek Dev. Co.* v. *Friesenhahn*, 295 Ark. 318, 748 S.W.2d 344 (1988); *Walt Bennett Ford, Inc.* v. *Pulaski County Special Sch. Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981); *Starr Farms, Inc.* v. *Southwestern Elec. Power Co.*, 271 Ark. 137, 607 S.W.2d 391 (1980). Thus, our application of the law to the facts of this case will be consistent with the statement of the common law in *Goodman*, 294 Ark. 25, 741 S.W.2d 233.

■■ When the current suit began, it was an action at law based on a written contract. Originally then, the circuit court had proper subject matter jurisdiction. *Springdale Sch. Dist.* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981). After the suit was amended to include a request for declaratory relief, the suit was still properly before the circuit court as Ark. Code Ann. §§ 16-111-103 and -104 (1987), permit courts of record within their respective jurisdictions to declare relief in cases involving the interpretation of contracts. However, appellants do not challenge the circuit court's jurisdiction to enter a declaratory judgment, they challenge the court's jurisdiction to award appellee an attorneys lien pursuant to section 16-22-304(d). Section 16-22-304(d), provides as follows:

> The court or commission before which an action was instituted, or in which an action may be pending at the time of settlement, compromise, or verdict, or in any chancery court of proper venue, upon the petition of the client or attorney at law, shall determine and enforce the lien created by this section.

Appellants' argument is that the federal district court, not the circuit court, is the court in which appellee should have sought the determination and enforcement of his lien because the federal district court is the court "before which an action was instituted" on their behalf against the Kingsbury trust. Appellee responds with the argument that the circuit court is the proper court to determine and enforce his lien because it is the court in which his

suit on the contract was instituted.

█ It is significant to note that despite the language in which both parties present their arguments to this court, the circuit court's order did not specifically grant appellee a lien. The order declared appellee's rights under the contingent fee contract. We previously determined that the circuit court could do just that — declare the parties' rights under the attorney-client contract. However, the circuit court erred in making the particular declaration allowing appellee a 20% interest in appellants' potential recovery against the Kingsbury trust and estate. Instead of making such a declaration, the circuit court should have considered a declaration of whether or not appellee was entitled to a fee based on quantum meruit as is required by the application of *Goodman*, 294 Ark. 25, 741 S.W.2d 233, and section 16-22-304(d) to the facts of this case. Our reasoning in determining the circuit court's error follows.

█ *Goodman*, 294 Ark. 25, 741 S.W.2d 233, limited a discharged attorney suing on his contingent fee contract to a quantum meruit recovery. That was so even though the language to the effect that the contract governs was a part of the Attorneys Lien Law at the time the *Goodman* case was decided. *See* Ark. Code Ann. § 16-22-301 (1987) and Ark. Code Ann. § 16-22-302 (Supp. 1991). We need only state parenthetically that, if the lien law was the basis of the decision in the case now before us, it was handled in the wrong court. Here the trial court simply entered declaratory judgment that the lawyer was entitled to the amount contracted for. No mention is made in the court's order of the lien statute. It was apparently just a declaration of the discharged attorney's common law remedy. The declaration conflicts with our determination in the *Goodman* case that the discharged attorney's recovery is limited to quantum meruit. The General Assembly, by repeating its statement in the lien law that an attorney-client contract governs the attorney's right to a fee, has not altered the common law. The circuit court's judgment of declaration is therefore reversed and remanded.

Because we reverse on the first issue, it is not necessary to address appellants' second argument that the circuit court erred in awarding damages not contemplated by the parties. *See UHS of Arkansas v. Charter Hospital*, 297 Ark. 8, 759 S.W.2d 204

(1988).

Reversed and remanded.

HOLT, C.J., HAYS AND BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority concludes that the common law affecting contracts for attorney fees was established by *Henry, Walden & Davis* v. *Goodman*, 294 Ark. 25, 741 S.W.2d 233 (1987). The *Goodman* case, however, was an attorney's lien case brought specifically under Ark. Stat. Ann. § 25-301, *et seq.* (Repl. 1962), now codified as Ark. Code Ann. § 16-22-301 to 308 (1987 & Supp. 1991). That case did not purport to establish the common law relative to the reasonableness of attorney's fees but rather dealt with the reasonableness of an attorney's fee when that attorney had been dismissed without cause and was seeking to enforce a lien for a contingent fee. We said that the dismissed attorney was limited to a lien for quantum meruit damages under those circumstances, because the newly hired attorney also had a contingent fee contract with the plaintiff. In sum, *Goodman* involved two contingent fee contracts and the enforcement of an attorney's lien. Neither circumstance is involved in the present case.

But even with respect to its holding under the Attorney Lien Law, *Goodman* has now been expressly emasculated by act of the General Assembly:

> It is hereby found and determined by the General Assembly of the State of Arkansas that the Supreme Court, in Henry, and Davis v. Goodman, 295 Ark. 25 (1987), limited the existing Attorney's Lien Law by allowing only a quantum meruit recovery in a case in which the attorney was dismissed by the client; that the Supreme Court's interpretation of the Attorney Lien Law is contrary to what was intended by the enactment of Acts 59 and 306 of 1941, the Attorney Lien Law; *that an attorney should have the right to rely on his contract with his client*; and that the Attorney's Lien Law should be reenacted to protect the contractual rights of attorneys. Therefore, it is the intent of §§ 16-22-302 — 16-22-304 to allow an attorney to obtain a lien for services based on his or her agreement with his or her client and to provide for

compensation in case of a settlement or compromise without the consent of the attorney. (Emphasis added.)

Ark. Code Ann. § 16-22-301, as amended by Act 293 of 1989. To hold now that *Goodman*, which did not concern itself with attorney's fees outside of the lien context and which now has been expressly overturned by the act of the General Assembly, still lives and metamorphosizes into the common law relative to declaratory judgments for attorney's fees is incorrect. The holding in *Goodman* was limited to its facts and dealt exclusively with Arkansas' Attorney Lien law and two contingent fee contracts.

Common law suits for damages by an attorney for breach of an employment contract have been acknowledged and approved by this court in previous cases and have not been limited to quantum meruit recovery. *See, e.g., Berry* v. *Nichols*, 227 Ark. 297, 298 S.W.2d 40 (1957). In *Berry*, we said:

The authorities generally are not in agreement as to the measure or basis of recovery by an attorney employed under a contingent fee contract who is discharged without fault on his part. In some jurisdictions the discharge of an attorney employed on a contingent fee basis is regarded as putting an end to the contract, so that any recovery of compensation must be exclusively upon *quantum meriut.* However, in perhaps a majority of jurisdictions, including Arkansas, it has been held that an attorney employed under a contingent fee contract and discharged without fault on his part may recover damages as for breach of contract. Under these cases the measure of recovery usually is the contract price abated by such sum as would in the natural course of things have been incurred if the services had been continued. (Citing authority.)

227 Ark. at 302-303, 298 S.W.2d at 43.

To use *Goodman* to overturn this authority, which it was never intended to do, is difficult to explain or to justify.

I respectfully dissent.

HOLT, C.J., and HAYS, J., join.