Winston BRYANT, Attorney General, and Larry Jegley, Prosecuting Attorney for Pulaski County, Sixth Judicial District *v.* Elena PICADO, Randy McCain, Robin White, Bryan Manire, Vernon Stokay, Charlotte Downey, and George Townsand

98-1223                     996 S.W.2d 17

Supreme Court of Arkansas
Opinion delivered June 24, 1999

*Mark Pryor*, Att'y Gen., by: *Timothy G. Gauger*, Ass't Att'y Gen., for appellant.

*Lamda Legal Defense and Education Fund, Inc.*, by: *Suzanne B. Goldberg* and *Ruth E. Harlow*; *Mitchell, Blackstock, Barnes, Wagoner*

& *Ivers*, by: *David Ivers* and *Emily Sneddon*; and *Gary L. Sullivan*, for appellees.

D ONALD L. CORBIN, Justice. This is an interlocutory appeal involving a claim of immunity from suit pursuant to Article 5, § 20, of the Arkansas Constitution. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1). Appellees Elena Picado, Randy McCain, Robin White, Bryan Manire, Vernon Stokay, Charlotte Downey, and George Townsand filed a complaint in the Pulaski County Chancery Court seeking to have Ark. Code Ann. § 5-14-122 (Repl. 1997) declared unconstitutional, insofar as it criminalizes specific acts of consensual sexual intimacy between persons of the same sex. They also seek an injunction preventing enforcement of the statute. Appellees' complaint is based on four causes of action involving the right to privacy and equal protection of the laws under both the United States and Arkansas Constitutions. Appellants Winston Bryant, in his official capacity as Attorney General[1], and Larry Jegley, in his official capacity as Prosecuting Attorney for the Sixth Judicial District, filed a motion to dismiss the complaint pursuant to ARCP Rule 12, asserting that they are immune from suit and that the chancery court lacks jurisdiction to hear Appellees' claims. The chancellor denied Appellants' motion, and this appeal followed.

Appellees are gay and lesbian residents of Arkansas who allegedly fear prosecution under section 5-14-122, which provides:

> (a) A person commits sodomy if such person performs any act of sexual gratification involving:
>
> (1) The penetration, however slight, of the anus or mouth of an animal or a person by the penis of a person of the same sex or an animal; or
>
> (2) The penetration, however slight, of the vagina or anus of an animal or a person by any body member of a person of the same sex or an animal.
>
> (b) Sodomy is a Class A misdemeanor.

---

[1] As of January 1999, Mark Pryor is the Attorney General of Arkansas.

Class A misdemeanors are punishable by a sentence not to exceed one year and a fine not to exceed $1,000. Ark. Code Ann. §§ 5-4-201 and 5-4-401 (Repl. 1997).

In their complaint, Appellees each assert that they have in the past engaged in conduct prohibited by section 5-14-122, and that they intend to engage in such conduct in the future. They each also state that they suffer "genuine, specific, and concrete fear" that they will be prosecuted under that section. Appellees contend that section 5-14-122 violates their rights to privacy guaranteed by the Bill of Rights and the Fourteenth Amendment to the United States Constitution and Article 2 of the Arkansas Constitution, insofar as it criminalizes private, consensual acts of sodomy between two adults of the same sex. They contend further that because section 5-14-122 does not prohibit acts of sodomy between persons of the opposite sex, it violates their rights to equal protection of the laws, as found in the Fourteenth Amendment, as well as Article 2, §§ 3 and 18, of the Arkansas Constitution.

Appellants raise five points for reversal. First, they argue that Appellees' state-law claims are barred by the doctrine of sovereign immunity provided in Article 5, section 20, of the Arkansas Constitution. Appellants next argue that the complaint fails to state facts upon which relief can be granted under 42 U.S.C. § 1983 because Appellants are not "persons" amenable to suit under that statute. For their last three points, Appellants assert that the chancery court lacks jurisdiction of this case because (1) there is no justiciable case or controversy, (2) Appellees have an adequate remedy at law, and (3) chancery courts may not enjoin the prosecution of criminal statutes. We agree that the chancery court lacks jurisdiction to hear this case, and we reverse.

■ As a general rule, equity jurisdiction exists only when the remedy at law is inadequate. *Townsend v. Arkansas State Highway Comm'n*, 326 Ark. 731, 933 S.W.2d 389 (1996). More particularly, "equity will not entertain a contest over the validity of a statute nor restrain prosecutions pending the determination of the

validity thereof where an adequate remedy at law exists." *S & S News Agency, Inc. v. Freeze,* 247 Ark. 1078, 1081, 449 S.W.2d 404, 406 (1970) (citing *Rider v. Leatherman,* 85 Ark. 230, 107 S.W. 996 (1908)). Here, Appellants argue that Appellees' remedy at law is to challenge the constitutionality of section 5-14-122 in defense of a prosecution under that statute. We disagree with Appellants' assertion that Appellees' constitutional challenge must be postponed until one or more of them is arrested and charged with violating the statute. We agree, however, that the chancery court lacks jurisdiction to hear Appellees' complaint.

■ ■ Under our declaratory judgment act, courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. Ark. Code Ann. § 16-111-103(a) (1987). The act itself does not confer subject-matter jurisdiction; thus, there must be an independent basis for the court's jurisdiction before it may render a declaratory judgment. *UHS of Ark., Inc. v. Charter Hosp. of Little Rock, Inc.,* 297 Ark. 8, 759 S.W.2d 204 (1988). Courts of equity do not have jurisdiction to render declaratory judgments where the subject matter is not cognizable in a court of equity. *City of Garland v. Miller County,* 270 Ark. 981, 606 S.W.2d 751 (1980). The pertinent inquiry is whether exclusive jurisdiction of the subject matter is vested in a particular tribunal by the Arkansas Constitution. *Daley v. Digby,* 272 Ark. 267, 613 S.W.2d 589 (1981). It thus follows that where exclusive jurisdiction rests with the circuit court, declaratory-judgment actions must be pursued there. *Id.*

■ Here, Appellees seek a declaration that the criminal sodomy statute, section 5-14-122, is unconstitutional. Circuit courts have exclusive jurisdiction over criminal prosecutions. *See* Ark. Const. art. 7, § 11. Accordingly, Appellees' declaratory-judgment action may only be pursued in the circuit court. Once the circuit court acquires jurisdiction to declare such rights it may also issue injunctive relief. *Digby,* 272 Ark. 267, 613 S.W.2d 589. Thus, Appellees' remedy at law is complete.

■ We thus reverse the order of the chancery court, as it does not have jurisdiction to hear the case. Only the circuit court may declare a criminal statute unconstitutional under our declaratory judgment act. Accordingly, we remand this case to the chancery court with directions to transfer Appellees' complaint to the circuit court.

BROWN and IMBER, JJ., concur.

ROBERT L. BROWN, Justice, concurring. I agree with the majority opinion and write to emphasize what today's holding does. All parties agree that chancery court cannot enjoin a pending criminal prosecution. *See, e.g., Billy/Dot, Inc. v. Fields,* 322 Ark. 272, 908 S.W.2d 335 (1995); *S & S News Agency v. Freeze,* 247 Ark. 1078, 449 S.W.2d 404 (1970). Today's decision makes it clear that even when no criminal prosecution or investigation is pending, chancery court has no jurisdiction to decide the constitutionality of a criminal statute. In reaching this conclusion, the majority relies on *Daley v. Digby,* 272 Ark. 267, 613 S.W.2d 589 (1981), where we said (1) that declaratory judgments are resolved in courts with underlying subject-matter jurisdiction, and (2) that if circuit court has jurisdiction to grant a declaratory judgment, it may also issue an injunction. Neither party in this case cites *Daley,* which attests to the fact that the Attorney General, at least, was unaware of the jurisdictional precedent set by that decision.

I have some sympathy for attorneys researching proper jurisdiction for a declaration of a criminal statute's constitutionality. Those attorneys would find several cases which, on the surface at least, appear to sanction jurisdiction in chancery court. *See, e.g., Handy Dan Improvement Tr. v. Adams,* 276 Ark. 268, 633 S.W.2d 699 (1982) (chancery court decided the constitutionality of the Sunday closing laws, which carried criminal penalties for violation but where no prosecution was pending); *Arkansas State Bd. of Pharmacy v. Troilett,* 249 Ark. 1098, 463 S.W.2d 383 (1971) (discretionary with chancery court whether to take jurisdiction to determine constitutionality of the prophylactic law; chancery

court transferred case to circuit court); *State v. Epperson*, 242 Ark. 922, 416 S.W.2d 322 (1967) (chancery court struck down the law against teaching evolution on religious-freedom grounds where no criminal prosecution was pending); *Bennett v. N.A.A.C.P.*, 236 Ark. 750, 370 S.W.2d 79 (1963) (chancery court declared three laws designed to thwart civil rights activity to be unconstitutional, some of which were criminal, and upheld one law); *Carr v. Young*, 231 Ark. 641, 331 S.W.2d 701 (1960) (chancery court upheld constitutionality of act requiring teacher affidavits of organizations belonged to for past five years; violation of act carried criminal penalties but no prosecution pending); *Hickinbotham v. Williams*, 227 Ark. 126, 296 S.W.2d 897 (1956) (chancery court upheld constitutionality of Sunday closing laws which had been attacked on equal protection grounds; violation of act was a misdemeanor but no prosecution pending).

In *Daley v. Digby, supra*, we did not expressly overrule those decisions, but that is certainly the effect of our decision today.

Chancery court has traditionally been the proper jurisdiction for protecting personal and property rights where there is no adequate remedy at law. *See Bates v. Bates*, 303 Ark. 89, 793 S.W.2d 788 (1990); *see also Union Pac. R.R. Co. v. State*, 316 Ark. 609, 873 S.W.2d 805 (1994). Here, a personal right to privacy is asserted by the appellees who argue that the threat of criminal prosecution hangs over their heads like a sword of Damocles. Circuit court is the proper jurisdiction for things criminal, and under *Daley v. Digby, supra*, circuit court may not only resolve the constitutional question but also enjoin enforcement of an unconstitutional statute. The remedy at law is adequate. For that reason, I agree with the transfer to circuit court.

IMBER, J., joins.