# ARKANSAS COURT OF APPEALS

DIVISIONS I & II
No. CV-13-522

| | |
|---|---|
| C. BEAN TRANSPORT, INC. CREDITORS TRUST | **Opinion Delivered** January 15, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CV-2012-1245 I] |
| V. | |
| CLAUDE B. KENNEDY, JR.; MICKEY JOE DURDEN; THE PHOENIX INSURANCE COMPANY; AND CHEROKEE INSURANCE COMPANY | HONORABLE STEPHEN TABOR, JUDGE |
| APPELLEES | AFFIRMED |

### PHILLIP T. WHITEAKER, Judge

C. Bean Transport, Inc. Creditors Trust ("C. Bean Transport") appeals from a Sebastian County Circuit Court order dismissing its declaratory-judgment action against Claude B. Kennedy, Jr., Mickey J. Durden, and the Phoenix and Cherokee Insurance Companies. C. Bean Transport argues that the trial court erred by failing to strike Kennedy's answer and by finding that it lacked the subject-matter jurisdiction to hear the matter. Because we find that the trial court did not abuse its discretion in declining to exercise subject-matter jurisdiction, we affirm.

Claude Kennedy was injured in an automobile accident in Louisiana while working for his employer, C. Bean Transport. Kennedy sought workers' compensation benefits from C. Bean Transport, who was self-insured, and C. Bean Transport paid Kennedy approximately $63,000 in workers' compensation benefits as a result of this accident.

Kennedy then brought suit in Louisiana against Durden (the driver of the other vehicle) for damages he suffered in the accident and against Phoenix Insurance Company (his insurer) and Cherokee Insurance Company (C. Bean Transport's insurer) under their uninsured-motorist provisions. C. Bean Transport sought to intervene in the Louisiana action.

The Louisiana court denied C. Bean Transport's request to intervene, finding that C. Bean Transport's policy with Cherokee excluded any coverage for workers' compensation benefits paid to C. Bean Transport's employees. When C. Bean Transport learned that Kennedy was attempting to settle the litigation without consideration of C. Bean Transport's rights of subrogation, C. Bean Transport filed a declaratory-judgment action in Arkansas seeking to determine that any funds payable by Durden, Phoenix, and/or Cherokee were subject to C. Bean Transport's statutory right of subrogation. An appeal from the denial of C. Bean Transport's motion to intervene was pending before the Louisiana appellate courts at the time of filing of the Arkansas declaratory-judgment action.

Kennedy filed a pro se answer to the complaint. He admittedly received assistance in drafting his answer from his Louisiana counsel who was not licensed to practice law in Arkansas. C. Bean Transport moved to strike Kennedy's answer as a sanction for filing a pro se answer that was drafted by an attorney not licensed to practice law in Arkansas and requested that a default judgment be entered.

Phoenix and Cherokee filed a motion to dismiss the Arkansas petition based on Arkansas Rules of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6)

(failure to state facts upon which relief can be granted). Phoenix and Cherokee argued that, because there was litigation pending in the state of Louisiana involving the same parties, the same issues, and arising out of the same motor-vehicle accident, the court would be abusing its discretion in entertaining subject-matter jurisdiction over C. Bean Transport's petition. Kennedy joined in the motion.

The trial court dismissed the action on the basis that another action between the parties was pending in Louisiana. The court also declined to strike Kennedy's answer, stating that it would not punish a litigant under these circumstances for the actions on the part of an attorney.

The trial court's order stated:

> Plaintiff has filed its petition seeking declaratory judgment. Defendants seek to dismiss on the grounds the same parties and issues are already subject of a Louisiana lawsuit. Declaratory judgment is intended to supplement rather than supersede ordinary causes of action. When another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for declaratory judgment, the court abuses its discretion if it entertains jurisdiction. *Mid-State Construction Co. v. Means*, 245 Ark. 691, 434 S.W.2d 292 (1968).

> The task for this court then becomes to ascertain whether the pending Louisiana matter involves the same parties and invokes the same issues as the instant case. A cursory reading of the Louisiana pleadings reveal [sic] the parties to be the same in each case. In addition, the Petition for Intervention filed on behalf of Plaintiff in Caddo Parish plainly sets forth the grounds for intervention as being reimbursement for Workers' Compensation benefits from any award Mr. Kennedy might receive in that pending lawsuit. The pending petition seeks the same relief. The Order of the Louisiana court denying intervention is currently on appeal to the Court of Appeal, Second Circuit, in that state.

> Plaintiff cites *Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007) in support of its position opposing dismissal. However, as pointed out by Defendants, that matter dealt solely with dismissal pursuant to ARCP 12(b)(8), which is not the

3

case here. In addition, the *Potter* court points out the filings at issue there involved different parties and different issues.

Therefore, it appears to the Court this case and the Louisiana case involve the same parties and issues. In addition, because Plaintiff's interests are still at issue in that state based on the appeal it filed, it remains pending in the Court's view. Therefore, this matter must be dismissed. To do otherwise would open the door to contradictory and confusing results in two states, thereby muddling and prolonging a final disposition of the issues.

As a separate matter, Plaintiff at hearing urged the Court not to address or consider the motion of Separate Defendant Kennedy because his Answer to the petition was "ghostwritten" by a Louisiana attorney. Counsel has raised concerns about the ethical propriety of such action. Even if such issues exist, which the Court need not and does not address, the Court will not punish a litigant under these circumstances for such actions on the part of an attorney. If Plaintiff feels such actions were inappropriate, it should file a complaint with the appropriate Louisiana authority.

In declaratory-judgment actions, we review a trial court's decision on whether to exercise its jurisdiction under an abuse-of-discretion standard. *See UHS of Ark. v. Charter Hosp. of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988). C. Bean Transport argues that the trial court erroneously determined that it lacked subject-matter jurisdiction. We disagree. We hold that the trial court was not expressing a determination that it completely lacked subject-matter jurisdiction to hear the matter as C. Bean Transport contends; instead, the court's analysis clearly contemplates that it could exercise its jurisdiction if it so chose. However, because the same parties and issues were involved in both the Arkansas and the Louisiana actions, it simply declined to exercise that jurisdiction because to do so would be problematic. This was not error.

It is well settled that subject-matter jurisdiction is considered to be a court's authority to hear and decide a particular type of case. *Edwards v. Edwards*, 2009 Ark. 580, 357 S.W.3d

445 (citing David Newbern & John J. Watkins, *Arkansas Civil Practice and Procedure* § 2:1, at 19–20 (4th ed. 2006)). An Arkansas court lacks subject-matter jurisdiction if it cannot hear a matter "under any circumstances" and is "wholly incompetent to grant the relief sought." *Id.* (quoting *J.W. Reynolds Lumber Co. v. Smackover State Bank*, 310 Ark. 342, 352–53, 836 S.W.2d 853, 858 (1992)). An Arkansas circuit court obtains subject-matter jurisdiction when it is conferred under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.* The declaratory-judgment statutes give courts of record the power to declare rights, status, and other legal relations within their respective jurisdictions. *Travelers Indem. Co. v. Olive's Sporting Goods, Inc.*, 297 Ark. 516, 764 S.W.2d 596 (1989). Here, the trial court had the authority to act on the pending declaratory request. The statutes, however, do not confer subject-matter jurisdiction. *Bryant v. Picado*, 338 Ark. 227, 996 S.W.2d 17 (1999); *UHS of Ark.*, *supra.* Thus, declaratory judgment is procedural, not jurisdictional. *Martin v. Equitable Life Assur. Soc. of the U.S.*, 344 Ark. 177, 181, 40 S.W.3d 733, 736–37 (2001). In other words, the declaratory-judgment statutes empower the court to grant relief, but do not mandate such.

Declaratory-judgment statutes are intended to supplement rather than supersede ordinary causes of action. As a result, there exists a requirement that the trial court consider the "propriety" of exercising jurisdiction, not merely whether it has the legal authority to do so. *Id.* The propriety of exercising jurisdiction depends in large part on whether the issue may be resolved in another court. *Id.* Consequently, when another action between the same

parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction. *UHS of Ark., supra.*

The trial court clearly considered the nature and substance of the two state-court actions, as well as the possibility that the exercise of jurisdiction could give rise to potentially contradictory and confusing results, before declining to exercise its jurisdiction. Under these circumstances, we find no abuse of discretion.

Because we have determined that the trial court did not abuse its discretion in declining to exercise subject-matter jurisdiction in this matter, we need not address C. Bean Transport's argument on the trial court's failure to strike Kennedy's answer.

Affirmed.

GLADWIN, C.J., and HIXSON and WOOD, JJ., agree.

VAUGHT and BROWN, JJ., dissent.

**LARRY D. VAUGHT, Judge, dissenting.** The majority presents a well-reasoned and well-written opinion, and I take no issue with the facts or law as presented. My objection, however, stems from the wording of the trial court's order of dismissal. In its order the court directly stated that

> this matter *must* be dismissed. To do otherwise would open the door to contradictory and confusing results in the two states, thereby muddling and prolonging a final disposition of the issue.

(Emphasis added.) That is simply not a correct statement of the law. The court most certainly possesses subject-matter jurisdiction to hear a plea for declaratory relief. And, unlike cases

6

where there are competing suits within Arkansas courts, the trial court had the discretion to grant declaratory relief if it so desired. Specifically, it is the trial court's use of the word "must" that I find objectionable.

The rules and cases cited by the trial court (and the majority) relate to declaratory-judgment actions dealing with competing cases filed in Arkansas state courts, not cases initiated in two separate jurisdictions. The *UHS of Arkansas, Inc. v. Charter Hospital of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988), case involved two actions in two Arkansas state courts, unlike the case at hand. Further, in *Potter v. City of Tontitown*, 371 Ark. 200, 215–16, 264 S.W.3d 473, 484–85 (2007), our supreme court specifically noted that when there are two cases—one in Arkansas state court and a second in another state or pursued under federal law—the circuit court has subject-matter jurisdiction to hear a declaratory action. Also, Arkansas Code Annotated section 16-111-108 (Repl. 2001) deals with the question of whether a circuit court "may" refuse to render or enter a declaratory judgment. Here, the trial court expressed its inability to consider the matter, not its discretion as to whether it should hear the matter.

*Potter* and *UHS* implicitly held that Arkansas courts are vested with subject-matter jurisdiction to hear and determine declaratory actions and should hear the action if it will "fully resolve the uncertainty or controversy at issue." *Potter*, 371 Ark. at 215–16, 264 S.W.3d at 484–85. In this case, C. Bean is an Arkansas company that paid workers' compensation benefits to Kennedy pursuant to Arkansas law. C. Bean then sought a declaratory ruling that any proceeds received by Kennedy in his Louisiana tort action are subject to C. Bean's

statutory subrogation rights under Arkansas law.

This question is squarely within the subject–matter jurisdiction of the Sebastian County Circuit Court. To say that the matter *must* be dismissed is an incorrect statement of law, and therefore I dissent.

BROWN, J., joins.

*Smith, Cohen & Horan, PLLC*, by: *Don A. Smith*; and *McDonald, McCann, Metcalf & Carwile, LLP*, by: *Gary M. McDonald* and *Chad J. Kutmas*, for appellants.

*Jones, Jackson & Moll, PLC*, by: *Michael T. Newman*; *Bassett Law Firm LLP*, by: *Dale W. Brown*; and *Wright, Lindsey & Jennings LLP*, by: *Kyle R. Wilson*, for appellees.